DeVITO v BLENC

1. LIMITATION OF ACTIONS—FOREIGN CAUSE OF ACTION—CHOICE OF LAWS.

    The conflict of laws rule is that where an action is brought in one jurisdiction for a tortious act which occurred in another jurisdiction the law of the forum determines whether the cause was brought within the applicable limitations period.

2. LIMITATION OF ACTIONS—BORROWING—FOREIGN CAUSE OF ACTION.

    The Michigan "borrowing" or "comity" statute adopts the limitations period of a foreign state where a claim accrued or that of this state, whichever is shorter (MCLA 600.5861).

3. LIMITATION OF ACTIONS—FOREIGN CAUSE OF ACTION—DISABILITY.

    The disability statute which applies "although the period of limitations has run" was intended to apply regardless of what the period of limitations was, and thus acts until one year after the disability has ended to toll the period of limitations of a cause of action which accrued in a foreign state where the foreign period of limitation would apply under the Uniform Statute of Limitations on Foreign Claims Act; such a construction permits the reconciliation of two otherwise conflicting provisions and at the same time gives maximum effect to the policies underlying each statute (MCLA 600.5851).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 April 4, 1973, at Lansing. (Docket No. 15069.) Decided May 25, 1973.

Complaint by Deborah DeVito against Larry Blenc and Merle Blenc for damages for injuries sustained in an automobile accident. Accelerated judgment for defendants. Plaintiff appeals. Reversed.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur 2d, Limitation of Actions § 416.

*Barbara & Wisok, P. C.,* for plaintiff.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch* (by *George F. Clark),* for defendants.

Before: McGregor, P. J., and Quinn and O'Hara,* JJ.

O'Hara, J. This is an automobile negligence action. Both parties to the litigation are residents of the State of Michigan.[1] In her complaint the plaintiff alleged that defendant negligently operated an automobile on the highways of Ontario in such a manner as to strike the rear end of another vehicle in which plaintiff was a passenger and thereby occassioned certain injuries for which she sought damages not exceeding the sum of $25,000. Defendant filed a motion for accelerated judgment citing the one-year Ontario limitations period applicable to civil actions arising out of motor vehicle accidents.[2] The motion was granted. An order was entered dismissing the action on this ground.

On appeal plaintiff raises two assignments of error: (1) whether an action between Michigan residents is barred by the one-year Ontario statute of limitations because the cause of action accrued in Ontario; and (2) whether the Michigan statute allowing a person to bring an action within one year after the removal of the disability of infancy

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Although plaintiff also joined Merle Blenc, owner of the vehicle driven by Larry Blenc at the time of the accident, we will use the designation "defendant" in referring to Larry Blenc only.

[2] 2 Rev Stats Ontario (1970), c 202, § 146(1), p 732, provides:

"(1) Subject to subsections 2 and 3, no action shall be brought against a person for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained."

applies to a cause of action which accrued in Ontario?

Where an action is brought in one jurisdiction for a tortious act which occurred in another jurisdiction the conflict of laws rule followed is that the law of the forum determines whether the cause was brought within the applicable limitations period. *Yount v Nat'l Bank of Jackson,* 327 Mich 342 (1950).[3] Michigan adheres to a three-year period for bringing an action to recover damages to persons and property. MCLA 600.5805(7); MSA 27A.5805(7). However, most states including Michigan,[4] have enacted "borrowing" or "comity" statutes which adopt the limitations period of the foreign state where the claim accrued and generally hold that a cause elsewhere barred is also foreclosed in the forum state. Ontario has a one-year limitations period pertaining to claims which arise out of vehicular accidents. Pursuant to MCLA 600.5861; MSA 27A.5861, otherwise known as the Uniform Statute of Limitations on Foreign Claims Act, Michigan would adopt the shorter period within which plaintiff must bring her action and she would be barred from relief since plaintiff incontestably did not file suit until more than two years after her cause of action accrued. See also: *Pusquilian v Cedar Point,* Inc, 41 Mich App 399 (1972); *Hill v Clark Equipment Co,* 42 Mich App 405 (1972); *Fries v Holland Hitch Co,* 12 Mich App 178 (1968).[5]

---

[3] The substantive law applied in such "foreign" causes of action is that of the state where the injury occurred. *Abendschein v Farrell,* 382 Mich 510 (1969).

[4] Michigan has adopted the Uniform Statute of Limitations on Foreign Claims Act, MCLA 600.5861; MSA 27A.5861, subsection (2) of which reads:
"The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim."

[5] We decline to follow *Wilson v Eubanks,* 36 Mich App 287 (1971), cited by plaintiff, if indeed *Wilson* has any application.

An exception or proviso exists to the general rule, however, namely that if plaintiff was in fact laboring under a disability at the time her claim accrued, she would still be able to maintain this action if she acted within a statutory period of grace following cessation of the disability.

Now we turn to the second and no doubt more perplexing question of whether the fact that the Ontario statute of limitations is applicable to the cause herein necessarily requires that we adopt not only the province's time limitation but also its tolling provisions (thus denying plaintiff the benefit of the Michigan statute allowing a person to bring an action within one year after removal of the disability of infancy merely because her claim accrued in Ontario).[6]

Defendant-appellee contends that Ontario law must be applied to this issue and that under the law of that province the statute of limitations runs against a minor in the same manner as anyone else, citing *Martin v Kingston City Coach Co,* Ontario Weekly Notes, p 915 (1946), which was affirmed in Ontario Weekly Notes, p 110 (1947). Undoubtedly, *Martin, supra,* holds that the highway traffic act does not differentiate between minors and adults and applies to both equally. Thus, if Ontario law were applied this action clearly would be barred. However, we decline to automatically follow *Martin* in light of certain substantial countervailing policy considerations.

---

[6] MCLA 600.5851(1); MSA 27A.5851(1) reads:

"If the person first entitled to make an entry or bring an action is *under 18 years of age,* insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852." (Emphasis supplied).

The Revised Judicature Act[7] contains the general provisions with respect to when particular causes of action must be brought and the circumstances or conditions under which the statute of limitations are tolled. Both statutes herein involved deal with the same general subject matter and courts naturally endeavor to construe statutes which are *in pari materia* as consistent and complementary to each other rather than as being in irreconcilable conflict. The uniform act specifically provides that the "period of limitation" shall be the shorter of the two possible periods (either the Michigan statute of limitations or that of the other jurisdiction where the claim accrued). Subsection (4) of this act declares as its purpose a desire to make uniform the laws of the enacting states. A different purpose is evidenced by the provision in the disability statute that a person entitled to bring an action shall have one year "although the period of limitations has run". Clearly MCLA 600.5851, *supra,* reflects a policy of protecting the rights of those under a disability and it cannot be casually disregarded. It cannot be gainsaid that courts historically have been solicitous of the welfare of infants. As has been observed countless times, minors are the wards of the court. How then do we reconcile this ostensibly inconsistent expression of legislative intent?

Significantly, the uniform act uses the terms "period of limitation" and the disability act applies "although the period of limitations has run". Regarding the Legislature's choice of language as a deliberate one leads us to conclude that it intended that the disability statute applies regardless of what the period of limitations was. Such a construction permits us to reconcile two otherwise

---

[7] MCLA 600.101, *et seq.;* MSA 27A.101, *et seq.*

conflicting provisions and at the same time to give maximum effect to the policies underlying each statute. Thus we hold that the shorter Ontario limitations period applies to plaintiff's claim but that Michigan's disability statute tolled the statute of limitations until one year after plaintiff's minority ended.[8] Within this "grace period" plaintiff commenced the case at hand and thus the trial judge erred in holding that the limitations period constituted a procedural bar to litigation of plaintiff's suit on the merits.[9]

Reversed and remanded. Plaintiff may tax costs.

All concurred.

[8] For a most useful compilation of some of the authority with respect to the issue of whether the forum state should adopt both the other state's time limitations and tolling provisions see: Leflar, American Conflicts Law, § 128; Ehrenzweig, Conflict of Laws, §§ 37, 161.

[9] At the time of the accident, plaintiff was 17 years of age and unable to bring an action because of her disability as a minor. On January 1, 1972, plaintiff became an adult when the age of majority was lowered. MCLA 722.51, *et seq.;* MSA 25.244(51), *et seq.* She promptly began this action on June 9, 1972, in the Circuit Court for the County of Macomb.