WALDRON v ARMSTRONG RUBBER COMPANY (ON REMAND)

ACCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA v ARMSTRONG RUBBER COMPANY (ON REMAND)

1. LIMITATION OF ACTIONS—FOREIGN CLAIM—BREACH OF WARRANTY—INDIANA LAW—UNIFORM COMMERCIAL CODE—CONFLICT OF LAWS.

The Indiana Supreme Court would probably decide, if presented a suit for breach of warranty arising out of an automobile accident allegedly caused by a defective tire, that the suit is within the purview of the Uniform Commercial Code, that the suit is subject to a four-year statute of limitations, and that the cause of action accrued when the tire was delivered to the plaintiff (Ind Ann Stat 26-1-2-725).

2. LIMITATION OF ACTIONS—FOREIGN CLAIM—BORROWING STATUTE.

The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim (MCLA 600.5861).

3. LIMITATION OF ACTIONS—BREACH OF WARRANTY—TORT CLAIM—PERSONAL INJURIES.

A right of action based on breach of warranty, under Michigan law, is treated as a tort claim and subject to the general three-year statute of limitations where the action is brought to recover for personal injuries (MCLA 600.5805[7]).

4. LIMITATION OF ACTIONS—BREACH OF WARRANTY—ACCRUAL OF ACTION.

A claim based on breach of warranty of quality or fitness, under Michigan law, accrues at the time that the breach of warranty is discovered or reasonably should be discovered (MCLA 600.5833).

REFERENCES FOR POINTS IN HEADNOTES

[1, 6–9] 51 Am Jur 2d, Limitation of Actions §§ 66, 71, 72.
[2, 4, 5] 68 Am Jur 2d, Products Liability §§ 91 *et seq.*, 221–223.
[3] 51 Am Jur 2d, Limitation of Actions §§ 102–104.

5. LIMITATION OF ACTIONS—BREACH OF WARRANTY—TIME OF ACCRUAL
—PLACE OF ACCRUAL—TOLLING STATUTE—UNIFORM COMMER-
CIAL CODE.

The Michigan statute, providing that a breach of warranty action
accrues at the time the breach is discovered or reasonably
should be discovered, should be considered a tolling statute
when read in conjunction with the commercial code provision
that a breach of warranty occurs at delivery; the commercial
code provision should be used to determine where the cause of
action accrued, not when (MCLA 440.2725, 600.5833).

6. LIMITATION OF ACTIONS—CONFLICT OF LAWS—TOLLING STATUTES.

A Michigan court, when applying another state's law under the
doctrine of *lex loci delicti,* may nevertheless apply the tolling
provisions of Michigan law to delay the running of the statute
of limitations.

7. LIMITATION OF ACTIONS—BREACH OF WARRANTY—FOREIGN CLAIM—
TOLLING STATUTE—CONFLICT OF LAWS.

A plaintiff's suit for breach of warranty, arising out of an acci-
dent in Indiana caused by a defective tire purchased in Indi-
ana, was not barred by the statute of limitations where the
action was brought within three years of the accident; although
the claim arose at the time of delivery of the tire, the statute of
limitations was tolled until the date of the accident (MCLA
600.5805[7], 600.5833, 600.5861).

8. LIMITATION OF ACTIONS—FOREIGN CLAIM—TOLLING STATUTE.

A court, in order to determine the period of limitation applicable
to a claim accruing outside of this state, should first apply the
foreign statute of limitations, including its tolling provisions,
and then apply the forum statute of limitations, including its
tolling provisions; if either bars the claim, the case should be
dismissed; if neither bars the claim, the action is maintainable
(MCLA 600.5861).

9. LIMITATION OF ACTIONS—NEGLIGENCE—CONFLICT OF LAWS—PLACE
OF INJURY.

The shorter Indiana two-year statute of limitations applicable to
actions to recover for personal injuries bars a plaintiff's negli-
gence suit in Michigan where the cause of action accrued in
Indiana, the place of injury (MCLA 600.5805[7], 600.5861; Ind
Ann Stat 34-1-2-2).

Appeal from Wayne, James L. Ryan, J. Submit-

ted May 7, 1974, at Detroit. (Docket Nos. 17327, 17328.) Decided October 13, 1975.

Complaint by Lester K. Waldron and Ramona Waldron against Armstrong Rubber Company and Sears, Roebuck & Company for damages resulting from a defective tire. Complaint by Accidental Fire & Casualty Company of North Carolina, as a subrogee, against Armstrong Rubber Company and Sears, Roebuck & Company for reimbursement. Accelerated judgment for defendants in both cases. Plaintiffs appealed. Affirmed, 54 Mich App 154 (1974). Plaintiffs appealed to the Supreme Court. Remanded to the Court of Appeals for reconsideration, 393 Mich 760 (1974). Reversed and remanded.

*Kiefer, Allen & Ryan (Demetre J. Ellias,* of counsel), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jeanette A. Paskin),* for defendants.

Before: LESINSKI, C. J., and McGREGOR and BASHARA, JJ.

McGREGOR, J. Previously,[1] we held that plaintiffs' cause of action for breach of warranty sounded in tort under Michigan law and that, by application of our "borrowing" statute,[2] the 2-year Indiana statute of limitations pertaining to tort claims barred the plaintiffs' suit. However, our Supreme Court vacated our order[3] and remanded the case back to us for reconsideration and determination of whether Indiana would apply the 4-

---

[1] *Waldron v Armstrong Rubber Co,* 54 Mich App 154; 220 NW2d 738 (1974). Relevant facts of this case are contained therein.

[2] MCLA 600.5861; MSA 27A.5861.

[3] 393 Mich 760; 223 NW2d 295 (1974).

year limitation period established by UCC § 2-725[4] or the 2-year limitation period applicable to actions for injuries to persons or property.[5] Therefore, we will now attempt to make that determination and reconsider this action in light thereof.

At the outset, we are confronted with a major obstacle. Neither Indiana's highest court nor the Federal courts in applying Indiana law have decided the issue presented. Thus, we have at least two possible options: (1) either we could attempt to predict what the Indiana Supreme Court would decide if this issue were presented and thereby, in effect, create limited precedent for the Indiana courts, or (2) we could simply state that, since Indiana's highest court has not decided this issue, there is no Indiana law to apply and that, as a result, Michigan law will apply. While the choice of either option has merit, we believe that in light of our Supreme Court's directive, the proper course is to pursue the first option and to predict what limitations period the Indiana Supreme Court would apply.

In making this prediction, we note that the Indiana Court of Appeals, applying Indiana law, has had an opportunity to discuss the priority of the UCC's limitations period for breach of warranty vis-a-vis another statutory limitations period.

In *Helvey v Wabash County REMC,* 278 NE2d 608 (Ind, 1972), the plaintiff brought an action for breach of express and implied warranties against the defendants for damages caused to household appliances by the furnishing of electricity at excessive voltage. The electric company defended on the basis that the UCC's 4-year statute of limitations

---

[4] IC 1971, 26-1-2-725; Ind Ann Stat 26-1-2-725.

[5] IC 1971, 34-1-2-2; Ind Ann Stat 34-1-2-2.

applied and that more than 4 years had accrued since the accident occurred. The plaintiff countered by arguing that electrical energy is not a transaction in goods under the UCC, but rather, a furnishing of a service, and that as a result, Indiana's 6-year statute of limitations on contract actions should apply. In deciding the issues presented in favor of the defendant, the Indiana Court of Appeals made the following statement:

"We further take note that one of the principle underlying purposes in adoption of the Uniform Commercial Code is 'to make uniform the law among the various jurisdictions.' IC 1971, 26-1-1-102(2)(c), Ind Ann Stat § 19-1-102(2)(c) (Burns 1914). With this in mind, we rely upon the authority of *Gardiner v Philadelphia Gas Works* (1964), 413 Pa 415, 197 A2d 612 wherein natural gas was determined to be goods within the scope of the Uniform Commercial Code, therefore, the four-year statute of limitations was applicable."[6] 278 NE2d at 610.

The Indiana court, in further discounting Helvey's claim that the Indiana 6-year statute applies, made the following observation which is relevant to the case before us:

"Helvey further argues that electricity *not being goods under the purview of the Uniform Commercial Code,* the previously mentioned six-year statute of limitations necessarily applies. REMC counters this argument, and we believe correctly, that the two-year statute of limitations for damage to personal property (IC 1971 34-1-2-2, Ind Ann Stat § 2-602 [Burns 1967]) would be applicable." (Emphasis added.) 278 NE2d at 610.

[6] It should now be noted that the *Gardiner* case cited by the Indiana Court of Appeals was also cited by our Supreme Court in remanding this case to the Court of Appeals.

We interpret this statement to mean that if the transaction is *not* covered by the UCC, then the Indiana courts would apply their 2-year statute of limitations; on the other hand, if the transaction *is* covered by the UCC, then the Indiana courts would apply the 4-year statute of limitations contained therein.

We believe that the Indiana courts would hold that the present controversy is under the purview of the Uniform Commercial Code and that, as a result, they would apply its 4-year statute of limitations to this action. We reach this result for two reasons. First, the Court in *Helvey* noted that one of the principal underlying purposes of the UCC is "to make uniform the law among the various jurisdictions", and that by applying the UCC's provisions concerning breaches of express and implied warranties in cases similar to the present case, that purpose would be furthered. Secondly, the Helvey court cited the *Gardiner* case with approval. This case held that the 4-year statute of limitations of the Uniform Commercial Code prevailed over Pennsylvania's general 2-year statute of limitations pertaining to tort actions. In relying on this single Indiana Court of Appeals decision, we reiterate the fact that we could find no decisions by the Indiana Supreme Court or the Federal courts which would be of useful guidance in determining the issue presented.

However, having decided that Indiana would apply the UCC's 4-year statute of limitations to the facts presented, our inquiry is not ended. This is because the same section of the UCC which provides for the 4-year statute of limitations also provides for the determination of when that limitation period commences to run. UCC § 2-725 provides in part:

"(2) A cause of action accrues when the breach oc-

curs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

Therefore, under UCC 2-725(2), the breach of warranty in the instant case occurred when the goods were delivered to the plaintiff on August 27, 1968, and as a result, plaintiff's cause of action accrued as of that date, thereby triggering the beginning of the 4-year statute of limitations.[7]

This accrual provision becomes important because Michigan has adopted the Uniform Statute of Limitations on Foreign Claims Act,[8] which provides in part:

"(1) As used in this section, 'claim' means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

"(2) The period of limitation applicable to a claim accruing outside of this state shall be either that pre-

---

[7] We are assuming, of course, that under the facts of this case, the Indiana courts would apply the UCC's accrual provisions. We do so for the reason that we again could discover no Indiana statute or precedent which would direct us to reach a contrary result under these facts. Further, we could discover no Indiana precedent which would direct us to construe the present case as one arising under the "explicitly extends to future performance" provision of UCC 2-725. Although the *Helvey* court assumed that the action accrued at the time of the injury, we do not believe that the facts of that case allow us to divert from the statutory language of the UCC in the present case. In *Helvey,* it can be strongly argued that the delivery of the electricity and the injury occurred at the same time and that, as a result, this issue would not be presented. Nor do we believe that precode decisions in Indiana furnish sufficient precedent in light of the Indiana court's desire to promote the purposes of uniformity underlying the code.

[8] Popularly known as the "borrowing" statute. See footnote 2.

scribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim."

Thus, we must apply either the Indiana 4-year statute of limitations or the relevant Michigan statute of limitations, whichever bars the claim.

In determining the relevant Michigan statute, it is important to note that the "borrowing" statute uses the term "claim" and defines it as "any right of action which may be asserted in a civil action". Under Michigan law a right of action for breach of warranty is treated as a tort claim and, therefore, the Michigan courts would presumably apply the general 3-year statute of limitations[9] for an action instituted to recover for personal injuries. See *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968).[10]

On this basis, it appears that the application of the shorter Michigan 3-year statute of limitations is warranted by the facts of the instant case.

The crucial question that now arises is on what date should the Michigan 3-year statute of limitations have begun running. If it commenced to run on the accrual date provided by Indiana law under UCC-2-725 (August 27, 1968), plaintiffs' action will then be barred, as their action was not commenced until July 6, 1972, more than three years later.

On the other hand, MCLA 600.5833; MSA 27A.5833 provides that a claim based on breach of

---

[9] MCLA 600.5805(7); MSA 27A.5805(7).

[10] We are aware that the Sixth Circuit Court of Appeals has reached the opposite conclusion. *See Reid v Volkswagon of America, Inc,* 512 F2d 1294 (CA 6, 1975). However, we believe that Michigan case law to date is more supportive of the position we have taken. Additionally, by opting for the 3-year statute of limitations, we avoid the necessity of another remand for consideration of the issues subsequently presented, should our Supreme Court ultimately decide to follow our reasoning.

warranty of quality or fitness accrues at the time that the breach of the warranty is discovered or reasonably should be discovered. See *Parrish v B F Goodrich Co,* 46 Mich App 85; 207 NW2d 422 (1973). Thus, plaintiffs' breach of warranty claim presumably was discovered on the date of the accident, July 15, 1969, and, applying Michigan law to the facts, the 3-year statute of limitations would not bar this claim as this suit was commenced within 3 years of this accrual date.

In *Parrish, supra,* our Court held that MCLA 600.5833 should be considered as the tolling statute when read in conjunction with UCC 2-725. The Court stated:

"We also note that the enactment of the commercial code, effective in Michigan on January 1, 1964, did not operate to repeal MCLA 600.5833, *supra.* See MCLA 440.9991; MSA 19.9991, and MCLA 440.9992; MSA 19.9992. Therefore, reconcilation of the two statutes is in order.

"MCLA 440.2725, *supra,* also provides:

" '(4) This section does not alter the law on *tolling of the statute of limitations * * * .'*

"We think the language of the commercial code to the effect that a breach of warranty occurs at delivery should be used to determine *where* the cause of action accrued, not when. There has been a longstanding policy in Michigan that the statute of limitations should not expire before damage has been suffered. *Felt v Reynolds Rotary Fruit Evaporating Co,* 52 Mich 602 (1884). That policy led to the enactment of MCLA 600.5833, *supra,* which now should be read as a *tolling* statute, unaffected by the subsequent language of the commercial code. The effect of such an interpretation leads to the conclusion that the causes of action in this case accrued in Michigan where the potential liability for breach of warranty occurred, but that the limitations period did not begin to run until the damage was suffered." 46 Mich App at 91.

We note, however, that in *Parrish, supra,* the breach of warranty occurred in Michigan, whereas in the present case, the breach occurred in Indiana which has no statute similar to MCLA 600.5833, *supra.*

Thus we are presented with the narrow issue of whether a Michigan court, when applying another state's law under the doctrine of *lex loci delicti,* can nevertheless apply the tolling provisions of MCLA 600.5833, *supra,* to delay the running of the statute of limitations.

A similar issue was presented in *De Vito v Blenc,* 47 Mich App 524; 209 NW2d 728 (1973). There, the plaintiff was injured in an automobile accident which occurred in Ontario. Ontario's 1-year statute of limitations, if directly applied, would have barred plaintiff's suit. However, at the time of the accident, plaintiff was a minor and therefore under a disability to sue in Michigan. The Court relied upon the tolling provisions of MCLA 600.5851; MSA 27A.5851, which prevented the period of limitations from running against someone under disability until that disability was removed. Thus, the shorter Ontario period did not commence to run until plaintiff reached her majority, and since she commenced her action in Michigan within 1 year of attaining her majority, she was not barred. The Court refused to apply Ontario law, which made no such dispensation for a minor, relying on the fact that Michigan courts historically have favored the protection of minors.

This issue could also have arisen in *Hill v Clark Equipment Co,* 42 Mich App 405; 202 NW2d 530 (1972). However, since insanity—a disability under the same Michigan statute relied on in *De Vito*— also tolled the statute of limitations during plaintiff's period of insanity under Alabama law, this issue was not fully discussed.

Relying on these decisions, we hold that, although the claim in the instant case arose at the time of the delivery, the statute of limitations was tolled until the date of the accident by MCLA 600.5833, *supra,* and that, as a result, plaintiff's suit was timely commenced. We do so by reason of Michigan's strong public policy, as expressed in *Parrish, supra,* of protecting the rights of injured persons under the provisions of this tolling statute.

We also reach the same result in this case under the Uniform Statute of Limitations on Foreign Claims Act. We interpret § 2 of that act to mean that the courts should first apply the applicable foreign statute of limitations, *including its tolling provisions,* and then apply the applicable forum statute of limitations, *including its tolling provisions.* After these determinations are made, if either bars the claim, then that statute of limitations is applied and the case is dismissed; if neither bars the claim, then the action is maintainable. This interpretation follows from the fact that the "borrowing" statute provides that the applicable period of limitations is the one which *bars the claim,* and not necessarily the one with the shorter time period. Furthermore, it provides that the periods of limitations to be considered are those prescribed by the law of each state. The law of a state prescribing a period of limitations necessarily incorporates the applicable tolling provisions present under that state's law. As a result, the tolling provisions of each state must be considered in determining whether that state's period of limitations would bar the claim and thereby cause a dismissal of the action under the provisions of the "borrowing" statute.

Thus, under the facts of the instant case, applying the 3-year Michigan statute of limitations with

its tolling provisions, the suit was timely commenced, as it was brought within 3 years of the accident. Likewise, applying the Indiana 4-year statute of limitations to these facts, the suit was also maintainable as it was brought within 4 years of the delivery date.[11]

This decision, however, does not affect our previous decision that the Indiana 2-year statute of limitations barred plaintiffs' count alleging negligence. We rely on our reasoning in that previous decision. Furthermore, we do not now decide whether Indiana requires privity of contract between the parties in a breach of warranty action under its version of the Uniform Commercial Code. See *e.g., Hart v Goodyear Tire & Rubber Co,* 214 F Supp 817 (ND Ind, 1963), *Withers v Sterling Drug, Inc,* 319 F Supp 878 (SD Ind, 1970). All we hold is that, in this case, the plaintiffs' alleged causes of action for breach of warranty are not barred by either the Michigan or Indiana statutes of limitations.

Reversed and remanded.

---

[11] We also note that, if this suit had been commenced in an Indiana court, that court would apply the 4-year statute of limitations prescribed by Indiana law, regardless of where the claim accrued. *See Horvath v Davidson,* 264 NE2d 328 (Ind, 1970).