**Ester GRAHAM, Individually and as Executrix of the Estate of David R. Graham, Deceased, Dorothy Jones, Ralph A. Fisher, Plaintiffs-Appellants,**

v.

**Sam A. FERGUSON, Jr., Raymond Dowd, Defendants-Appellees.**

**No. 77–1149.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1979.

Decided March 8, 1979.

Rehearing Denied April 12, 1979.

R. Duncan MacDonald, MacDonald, Fitzgerald & MacDonald, Flint, Mich., for plaintiffs-appellants.

Ralph W. Barbier, Jr., Barbier, Goulet, Petersmarck & McFarland, P. C., St. Clair Shores, Mich., for defendants-appellees.

Before WEICK and KEITH, Circuit Judges, and HOGAN *, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court granting the defendants' motion for summary judgment in an action for personal injuries. The Court held that the plaintiffs' claim was barred by the applicable statute of limitations.

This diversity suit arose from an automobile accident which occurred in Tennessee on November 15, 1971. Nine months later, on August 10, 1972, the plaintiffs, who were citizens of Texas, filed suit in the Federal District Court for the Southern District of Texas, against the defendants, who were citizens of Michigan. Summons for the defendants were issued and served in Michigan under the long arm statute of Texas. Finding that the defendants had insufficient contact with Texas to support personal jurisdiction, the Texas suit was dismissed by the District Court on December 10, 1973 under F.R.C.P. 12(b)(2).

Finally, on January 15, 1974, two years and three months after the accident, the present action was commenced in the Federal District Court for the Eastern District of Michigan, Southern Division. The parties have no dispute on the issues of negligence or damages ($40,000). The only issue before this Court concerns the applicable statute of limitations.

The District Court held that under the Michigan "borrowing" statute, M.C.L.A. § 600.5861; M.S.A. § 27A.5861, the action would be barred if it was untimely filed under either the law of Michigan or the law of Tennessee. The Court further held that under Tennessee law the claim would be barred because Tennessee's one year statute of limitations for personal injury cases, T.C.A. § 28–304, was not tolled under T.C.A. § 28–106 by the plaintiffs' filing of the lawsuit in Texas where there was no basis for personal jurisdiction. We agree and affirm.

The plaintiffs do not claim that it was error for the District Court in Michigan to apply the Michigan "borrowing" statute. See *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). They claim that the Court erred in concluding that the "borrowing" statute requires an examination of the whole law of Tennessee, including its tolling or "savings" statute, T.C.A. § 28–106. The plaintiffs cite *DeVito v. Blenc*, 47 Mich. App. 524, 209 N.W.2d 728 (1973), where the Court "borrowed" only the Ontario limitations period, and not the tolling rule. Instead, the Court applied the Michigan infants disability tolling statute, M.C.L.A. § 600.5851; M.S.A. § 27A.5851, to preserve the plaintiffs' claim. A contrary view was expressed in dicta in *Waldron v. Armstrong Rubber Co.*, 64 Mich.App. 626, 636, 236 N.W.2d 722, 727 (1975). The Supreme Court of Michigan has not ruled on this point.

In pertinent part the Michigan "borrowing" statute provides:

§ 27A.5861 Limitation on foreign claims;

. . . . .

(2) The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.

. . . . .

(4) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

■ In *Parrish v. B. F. Goodrich Co.*, 395 Mich. 271, 235 N.W.2d 570 (1975), the Supreme Court concluded that the purpose of section 5861 was to prevent persons from forum shopping for favorable limitations

---

* The Honorable Timothy S. Hogan, Judge, United States District Court for the Southern District of Ohio, *sitting by designation.*

periods. We agree with the District Court that the view expressed in the *Waldron* opinion, *supra*, will further this state policy. Only by examining the whole law of Tennessee, and examining it separately from Michigan's tolling rules, will the statutory policy of uniformity be followed.

Plaintiffs next contend that the District Court erred in holding that the Tennessee "savings" statute is not invoked by the filing of a suit in another state where there is no basis for personal jurisdiction over the defendants. T.C.A. § 28–106 provides:

> 28–106. New action after adverse decision not foreclosing merits.—
>
> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. [Code 1858, § 2755 (deriv. Acts 1715, ch. 27, § 6; 1819, ch. 28, § 3); Shan., § 4446; mod. Code 1932, § 8572.]

There appear to be no reported Tennessee decisions on this point. The parties and the District Court have noted that the precise issue was decided in *Sigler v. Youngblood Truck Lines, Inc.*, 149 F.Supp. 61 (E.D.Tenn. 1957), which holds that the Tennessee "savings" statute applies only to actions commenced in Tennessee. We note that the view expressed in *Sigler* apparently reflects the majority view. *E. g., High Admr. v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1976); *Herron v. Miller*, 96 Okl. 59, 220 P. 36 (1923). *Contra, Cronin v. Minster Press*, 56 Mich.App. 471, 224 N.W.2d 336 (1974).

We also note that in *Andrew v. Bendix Corp.*, 452 F.2d 961 (6th Cir. 1971), this Court interpreted Ohio Rev. Code § 2305.19, which is essentially identical with the Tennessee statute at issue here. In *Andrew* we held that Ohio would follow the majority rule. We reach the same conclusion in this case as regards Tennessee.

 The plaintiffs waited two years and three months before bringing suit in a court which had jurisdiction over the defendants. It is contrary to the policy effectuated by the statutes of limitations to permit plaintiffs to file suits wherever they choose, simply to preserve a claim. Therefore, in the absence of a clear statement to the contrary by the Tennessee courts, we decline to extend the exception to the statute of limitations provided in T.C.A. § 28–106 to actions filed outside the state of Tennessee.

The judgment of the District Court is affirmed.