**AMERMAC, INC., Appellant (Defendant Below),**

v.

**Alton J. GORDON, Appellee (Plaintiff Below).**

No. 2–1278A424.

Court of Appeals of Indiana, Second District.

Sept. 18, 1979.

James A. Goodin and Keith C. Reese, Rocap, Rocap, Reese & Young, Indianapolis, for appellant.

Sherwood P. Hill, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Amermac, Inc. (Amermac) brings this interlocutory appeal challenging the trial court's overruling of its motion for summary judgment, claiming that Plaintiff-Appellee Alton J. Gordon's (Gordon) suit is barred by the two year statute of limitations for personal injury actions.

We reverse.

### FACTS

Gordon filed his complaint on November 8, 1977, for damages for personal injuries suffered "in the summer of 1973" as a result of a purported breach of implied warranties by Amermac.

Gordon's complaint, omitting formal parts, was as follows:

#### Count I

Comes now the plaintiff, by counsel, and complains of the defendant, and for his first cause of action alleges and says:

1. That defendant is a corporation organized and existing under the laws of the state of Georgia.

2. That at all times relevant herein defendant was and still is engaged in the design, manufacture, sale and distribution of wheel balancing machines (hereinafter referred to as "wheel balancers").

3. That at all times alleged herein plaintiff was an employee of Firestone Stores, a division of the Firestone Tire and Rubber Company, located at 6526 East Washington Street, Indianapolis, Indiana.

4. That some time prior to the summer of 1973, plaintiff's employer ordered and Amermac, Inc. delivered through distributors unknown to plaintiff, a certain wheel balancer which plaintiff's employer placed in service.

5. That during the summer of 1973 and while another of plaintiff's employees was using such wheel balancer, it malfunctioned, causing it to disassemble and fly apart, and which in turn struck plaintiff's left elbow and arm.

6. That defendant knew of the particular purpose for which such wheel balancer was required and impliedly warranted such wheel balancer to be fit for such purpose.

7. That plaintiff relied upon such implied warranty, to wit: that such wheel balancer was of merchantable quality and fit, safe and in a proper condition for the intended use, but that in fact such wheel balancer was unmerchantable, unfit, unsafe and improper for such use.

8. That by reason of the aforementioned allegations and as a direct and proximate result of such breach of implied warranty of merchantability, plaintiff sustained great loss and damage and which to date, has been approximated as follows and to wit:

A. Over Five Hundred Dollars ($500.00) medical expenses.

B. Approximately One Hundred Dollars ($100.00) lost wages.

C. Permanent Impairment.

WHEREFORE plaintiff prays for judgment against defendant, costs of this action, and all other just and proper relief in the premises.

### Count II

Comes now the plaintiff, by counsel, and complains of the defendant, and for his second cause of action alleges and says:

1. That plaintiff adopts and incorporates by reference herein each and every allegation contained in Count I as though fully set out herein.

2. That defendant impliedly warranted that such wheel balancer was fit for the purpose for which it was designed, to wit, among other things to be used to balance wheels on automobiles.

3. That in reliance upon the skill and judgment of defendant, Firestone obtained one such wheel balancer for use in its business.

4. That such wheel balancer was in fact not fit for such intended purpose.

5. That by reason of the aforementioned allegations and as a direct and proximate result of such breach of implied warranty of fitness, plaintiff sustained damages and injuries as are set forth hereinabove.

WHEREFORE plaintiff prays for judgment against defendant, costs of this action, and all other just and proper relief in the premises.

Amermac filed a motion to dismiss the suit as being barred by the statute of limitations, specifically by Indiana's two year statute of limitations for personal injury actions.[1] That motion was overruled. On October 6, 1978, Amermac filed a motion for summary judgment, renewing this contention. Again the trial court overruled the motion.

This matter was certified by the trial court and accepted by this court as proper for interlocutory appeal.

### ISSUE

Only a single issue is presented:

Is Gordon's cause of action barred by a statute of limitations?

1. *Ind.Code* (1971) 34–1–2–2.

*PARTIES' CONTENTIONS*—The parties cast the issue in these terms: In an action for personal injuries based upon a breach of an implied warranty, is the applicable statute of limitations the one for personal injury actions or the one for contract actions: Amermac contends the tort limitations applies because the substance of the action is to recover for personal injuries, while Gordon maintains a six-year statute of limitations for implied contracts is applicable.

## DECISION

*CONCLUSION*—Gordon's action is barred.

The parties bring us an intriguing legal question not previously decided by Indiana law.[2] And the law of other jurisdictions is somewhat in disarray.[3] However, we need not juxtapose ourselves to any particular posture as Gordon's action is barred whether a contract or a tort statute of limitations is applied.[4]

If the two-year tort statute of limitations applies to Gordon's action, it is barred as more than two years lapsed between the time of the injury (summer of 1973) and the filing of the lawsuit (November 8, 1977).

The action is also barred under the Uniform Commercial Code statute of limitations, Ind.Code (1971) 26–1–2–725, as more than four years had elapsed from the delivery of the wheel balancer (summer of 1973) until the filing of the suit (November 8, 1977).

Gordon's contention, apparently accepted by the trial court, is that Indiana's six year statute of limitations covering implied contracts, found in Ind.Code (1971) 34–1–2–1, is applicable. This is not true. If the action is governed by a contract statute of limitations, it must be the four-year statute of the U.C.C. (*Ind.Code* (1971) 26–1–2–725).

Gordon's complaint charges breach of implied warranties in the sale of goods, specif-

2. In a conflicts of law case, *Waldron v. Armstrong Rubber Co.* (1976), 64 Mich.App. 626, 236 N.W.2d 722, the Michigan Court of Appeals anticipated that Indiana courts would apply the four year contract statute of limitations to breach of warranty actions for personal injuries covered by the Uniform Commercial Code. In such actions not governed by the U.C.C., the two-year personal injury statute of limitations would apply. This same view was attributed to Indiana by the Sixth Circuit Court of Appeals in *Reid v. Volkswagen of America, Inc.* (6th Cir. 1975) 512 F.2d 1294. However, our courts have not spoken directly to this issue.

3. Cases applying a contract statute of limitations, at least where there is privity between the parties, include: *Reid v. Volkswagen of America, Inc.* (6th Cir. 1975), 512 F.2d 1294; *Holdridge v. Heyer-Schulte Corp. of Santa Barbara* (N.D.N.Y.1977), 440 F.Supp. 1088; *Sinka v. Northern Commercial Co.* (Alaska 1971), 491 P.2d 116; *Berry v. G. D. Searle & Co.* (1974), 56 Ill.2d 548, 309 N.E.2d 550; *Waldron v. Armstrong* (1976), 64 Mich.App. 626, 236 N.W.2d 722; *Redfield v. Mead, Johnson & Co.* (1973), 266 Or. 273, 512 P.2d 776; *Gardiner v. Philadelphia Gas Works* (1964), 413 Pa. 415, 197 A.2d 612; *Layman v. Keller Ladders, Inc.* (1970), 224 Tenn. 396, 455 S.W.2d 594. *Compare United States Fidelity & Guaranty Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 257 N.E.2d 380, *with Val Decker Packing Co. v. Corn Products Sales Co.* (6th Cir. 1969), 411 F.2d 850 (interpreting Ohio law). *See Plouffe v. Goodyear Tire & Rubber Co.* (R.I.1977), 373 A.2d 492. (Contract statute of limitations applied to defendant in privity with plaintiff, but tort limitations statute applied to defendants not in privity with plaintiff).

Cases applying a tort statute of limitations include: *Tyler v. R. R. Street & Co.* (E.D.Va. 1971), 322 F.Supp. 541; *Becker v. Volkswagen of America, Inc.* (1975), 52 Cal.App.3d 794, 125 Cal.Rptr. 326; *Abate v. Barkers of Wallingford, Inc.* (1967), 27 Conn.Sup. 46, 229 A.2d 366; *Heavner v. Uniroyal, Inc.* (1972), 63 N.J. 130, 305 A.2d 412.

4. Although not deciding the issue, we note that Indiana's recently enacted Products Liability Act, Ind.Code (1978 Supp.) 33–1–1.5–1 to –8 (Acts 1978, P.L. 141, Sec. 28), may shed light upon the Legislature's intentions as to the applicable statute of limitations in these situations. First, although somewhat confusingly drafted, *see Vargo, Survey of Recent Developments in Products Liability*, 12 Ind.L.Rev. 227, 249 (1979), the Legislature clearly intended to place an *absolute* time limit on liability for a product's defects, including actions in negligence. Ind.Code (1978 Supp.) 33–1–1.5–5. This policy would be defeated by applying a tort limitation which would not begin to run until *after* an injury, no matter when that injury occurred. Second, the Legislature specifically differentiated between actions in tort (negligence and strict liability) and warranty actions. Ind.Code (1978 Supp.) 33–1–1.5–1. This, too, would seem to indicate that a contract statute of limitations would apply in actions for personal injuries due to a breach of implied warranty.

ically a wheel balancing machine. Since July 1, 1964, such transactions have been governed by Indiana's version of the Uniform Commercial Code. The U.C.C.'s statute of limitations (*Ind.Code* 26–1–2–725) states:

> (1) An action for breach of any contract for sale *must be commenced within four [4] years after the cause of action has accrued.* By the original agreement the parties may reduce the period of limitation to not less than one [1] year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made* . . . . (emphasis supplied)

Overlooked by the parties is the fact that Indiana's six year statute of limitations was specifically repealed as to transactions of this kind. *Ind.Code* (1971) 26–1–10–102(4) provides:

> (4) To the extent that sections 37 and 38 of chapter 38 of the Acts of 1881 (Spec.Sess.) and chapter 301 of the Acts of 1951 prescribing statutes of limitations (sections 2–601—602 Burns Indiana Statutes, repl. 1946 and supp.1962 [34–1–2–1,[5] 34–1–2–2]), are inconsistent with section [26–1–12–725] of this act, such sections are hereby repealed.

Thus there is no basis for applying a six year statute of limitations to Gordon's cause of action. The applicable statute is either the two year personal injury statute of limitations, or the four year contract statute of limitations under the U.C.C. Which of the two should prevail we need not decide, because this action was brought more than four years after both the delivery of the wheel balancing machine and the injuries suffered. Gordon's string ran out. The action is barred no matter which statute is applicable.

Therefore the trial court's judgment must be reversed.

Reversed.

SULLIVAN and SHIELDS, JJ., concur.

---

5. 34–1–2–1 includes the six-year statute of limitations for implied contracts.