Jan W. BUETTGEN and Elisa Buettgen, Plaintiffs,

v.

VOLKSWAGENWERK, A. G.; Volkswagen of America, Inc., a New Jersey Corporation, and Transworld Volkswagen, Inc., a Michigan Corporation, jointly and severally, Defendants.

No. K79-380 CA(8).

United States District Court, W. D. Michigan, S. D.

Dec. 29, 1980.

Samuel W. Barr, Detroit, Mich., for plaintiffs.

George E. Bushnell, Jr., Southfield, Mich., for defendants Volkswagenwerk and VW of America.

Thomas R. Fette, St. Joseph, Mich., for defendant Transworld Volkswagen.

OPINION

DOUGLAS W. HILLMAN, District Judge.

This products liability action comes to the court under its diversity jurisdiction.

Plaintiffs, Jan W. Buettgen and his wife, Elisa Buettgen, are Texas residents. On May 8, 1975, they bought a 1974 Volkswagen van, serial no. 2242061684, from defendant Transworld Volkswagen, Inc. (Transworld), a Michigan corporation, in Benton Harbor, Michigan. The van allegedly was designed and manufactured by defendant Volkswagenwerk, A.G. (VW Werk), a German corporation, and distributed in Michigan by defendant Volkswagen of America, Inc. (VW America), a New Jersey corporation.

Plaintiffs were driving this van on Highway 180 near Vera Cruz, Mexico, on June 27, 1976, at approximately 1:30 a. m., when an automobile bearing a Mexican license plate crossed the center line, striking them head-on. The Buettgens sustained serious injuries as a result of this crash. They filed the present suit on June 22, 1979, alleging that defendants' negligence in failing to design, equip, manufacture, distribute and sell a crashworthy vehicle, breach of express and implied warranties and recklessness proximately caused plaintiffs' injuries.

The case is not before the court on defendants VW Werk's and VW American's motions for accelerated judgment, pursuant to Fed.R.Civ.P. 12(b)(6), and defendant Transworld's motion for summary judgment, pursuant to Fed.R.Civ.P. 56, on identical grounds. Defendants maintain that plaintiffs failed to state a claim for which relief can be granted for the reason that the cause of action is time-barred under the applicable statutes of limitation. Upon due consideration of the relevant cases and statutes, and for the reasons given below, I agree, and hereby grant defendants' motions, dismissing this action.

## DISCUSSION

The parties have presented affidavits and exhibits to the court which have not been excluded. Accordingly, all the motions will be treated as ones for summary judgment.

If plaintiffs had been injured here in Michigan, the forum state, Michigan's unified products liability statute, Public Act 1978, No. 495, would govern their claims.

Under this statute, all products liability actions, no matter what their particular theories of relief, must be brought within three years. M.C.L.A. § 600.5805(9). The statute does not specify the time when this period begins to run. Nevertheless, prior to the passing of the products liability statute, the Michigan Supreme Court ruled that the three-year statute governing products liability claims for personal injury accrued when all the elements of a cause of action were present, including the element of damage. *Parish v. B. F. Goodrich*, 395 Mich. 271, 235 N.W.2d 570 (1975); *Connelly v. Paul Ruddy's Equipment Repair & Service Co.*, 388 Mich. 146, 200 N.W.2d 70 (1972). This rule applied "without regard to whether the claims sounded in tort or contract, express or implied." *Parish, supra*, 235 N.W.2d at 574; *State Mutual Cyclone Insur. Co. v. O & A Electrical Cooperative*, 381 Mich. 318, 161 N.W.2d 573 (1968). *See also, Waldron v. Armstrong Rubber Co.*, 54 Mich.App. 154, 220 N.W.2d 738 (1974); (on remand) 64 Mich.App. 626, 236 N.W.2d 722 (1975); *leave denied*, 399 Mich. 895 (1977). The rule is consistent with the purposes of the new unified products liability statute and remains sound today. Accordingly, I find that plaintiffs' claims all accrued when their injuries were sustained at the time of the accident. Under the three-year Michigan statute, this suit would be timely.

However, because the claims accrued outside of Michigan, the district court, sitting in diversity, must apply the forum state's conflict of laws rules. *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Korzetz v. Amsted Industries, Inc.*, 472 F.Supp. 136 (E.D.Mich.1979). In Michigan, the Uniform Statute of Limitations and Foreign Claims Act, M.C.L.A. § 600.5861, as amended, also known as the "borrowing statute", provides:

"An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that

where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. This amendatory act shall be effective as to all actions hereinafter commenced and all actions heretofor commenced now pending in the trial or appellate courts."

By the terms of this statute, if the within suit, brought by nonresidents of Michigan, would be time-barred under either jurisdiction's statutes of limitations, it must be dismissed.

■ In comparing law, the court looks to the entire framework of the statute of limitations, including its characterization of the nature of the claims, *Waldron v. Armstrong Rubber Co.*, 393 Mich. 760, 223 N.W.2d 295 (1974); the time of accrual, *Szlinis. v. Moulded Fiber Glass Companies, Inc.*, 80 Mich.App. 55, 263 N.W.2d 282 (1977), and any tolling provisions. *Graham v. Ferguson*, 593 F.2d 764 (6th Cir. 1979); *Waldron, supra*, 236 N.W.2d 722; 51 Am.Jur.2d, *Limitation of Actions*, § 73, at 652.

In the instant case, defendants have submitted sections from the Modified Civil Code of Vera Cruz, the (Mexican) Federal Commercial Code, and the (Mexican) Federal consumer law. These statutes permit recovery for hidden defects, lack of quality and breach of warranty—causes of action substantially similar to plaintiffs' claims.

■ Plaintiffs' negligence count is analogous to the Mexican cause of action for "illicit acts" under Article 1843 of Civil Code of Vera Cruz. Article 1867 of the Code prescribes that an action for damages under that chapter must be filed within two years ". . . counting from the day the damage was caused." (". . . contados a partir del día en que se haya causado el daño.") The damage allegedly caused by defendants was sustained at the time of the crash. The Mexican statutory period expired two years later, on June 27, 1978, barring plaintiffs' negligence claim.

Mexican law also bars plaintiffs' breach of warranty claims against defendants. Article 2082 of the Civil Code of Vera Cruz limits actions for hidden defects to six months from the date of delivery of the thing sold. Article 383 of the Federal Commercial Code limits actions for lack of quality to five days from receipt of the merchandise and for hidden defects to 30 days from receipt. Article 34 of the Federal law protecting consumers limits actions for breach of warranty to two months from the date of receipt of the product, or longer if the product was sold with a guarantee. Volkswagen's warranty on plaintiffs' van was for one year, and expired on or about May 8, 1976. In sum, the longest applicable statute of limitation under Mexican law—two years for illicit acts—expired in June, 1978, 360 days before this suit was filed.

■ Plaintiffs argue, however, that their suit is not time-barred because the Mexican statutes of limitation were tolled until the Michigan Court of Appeals affirmed liability in *Anderson v. Volkswagenwerk, A.G.*, No. 31240 (October 19, 1978), a wrongful death action that found a design defect in the front end of a 1968 VW van allegedly similar to plaintiffs' vehicle. It was this decision, plaintiffs maintain, which enabled them to discover the "causative link" between their injuries and an alleged "latent" design defect. This causative link, it is said, was concealed because until the *Anderson* decision, plaintiffs attributed their injuries entirely to the outside impact of the car that collided with them, which they term an "intervening force".

This attempt to import a discovery rule into the foreign statutes of limitation must be rejected. As noted above, the court must look to the entire body of the foreign law and Mexico has no tolling provision analogous to the notice rule. Plaintiffs argue, nevertheless, that Michigan public policy favors applying the notice rule. But this is unsupported in the case law. First, the new products liability statute unified theories of relief only for specific purposes enumerated in the Act. *Jorae v. Clinton Crop Service*, 465 F.Supp. 952, 954–955 (E.D. Mich.1979). It does not indicate a broad policy to preempt foreign law on other issues. *See, Green Construction Co. v. Williams Form Engineering Corp.*, 506 F.Supp. 173 (W.D.Mich., 1980).

Second, the instant case is distinguishable on its facts from recent Michigan cases in which the state's interests were found to outweigh those of a foreign jurisdiction. Thus, unlike *Sweeney v. Sweeney*, 402 Mich. 234, 262 N.W.2d 625 (1978); *Branyan v. Alpena Flying Service, Inc.*, 65 Mich.App. 1, 236 N.W.2d 739 (1975), and *Storie v. Southfield Leasing, Inc.*, 90 Mich.App. 612, 282 N.W.2d 417 (1979), the injured parties are not residents of Michigan. The trip during which the accident occurred did not originate and end in Michigan. The vehicle was not owned and maintained in Michigan. *See also, Bennett v. Enstrom Helicopter Corp.*, No. M75–59 (W.D.Mich., November 12, 1980). Nor is it sufficient that plaintiffs bought their VW van in Michigan. There is no general public policy in this state to protect all who buy products manufactured and sold in Michigan. *Hill v. Clark Equipment Co.*, 85 Mich.App. 1, 270 N.W.2d 722 (1977). In the instant case, the van was not even manufactured in Michigan.

Third, the case cited in which a Michigan tolling provision was grafted onto a foreign statute of limitation, *DeVito v. Blenc*, 47 Mich.App. 524, 209 N.W.2d 728 (1973), involved a public policy not applicable to this case. There the Court of Appeals relied on the state's historical protection of the rights of minors to toll the running of the Ontario statute of limitations while the child was under a legal disability to sue. Plaintiffs here do not claim they were under a legal disability. The Court of Appeals subsequently distinguished *DeVito* in *Waldron, supra*, 236 N.W.2d 722, a case similar to the instant suit. The court there proceeded to compare the statutes of limitation of Michigan and Indiana, pursuant to the borrowing statute, but applied each state's tolling provisions only to its own statute, not the foreign statute. *Id.*, 236 N.W.2d at 727.

Finally, the discovery rule is inapplicable on the facts. The discovery rule in Michigan is commonly applied where, for example, the extent of the injury is unknown for a period of time, or where there is fraudulent concealment, or where information which would enable a plaintiff to discover the causal relationship between his injury and the defendants' conduct remains in the control of the opposing party. *See generally, Dyke v. Richard*, 390 Mich. 739, 213 N.W.2d 185 (1973); *Cartmell v. Slavic Co.*, 68 Mich.App. 202, 242 N.W.2d 66 (1976); *Williams v. Polgar*, 391 Mich. 6, 215 N.W.2d 149 (1974). In the instant case, however, injury was sudden and obvious. There is no evidence of fraudulent concealment. Furthermore, I hold plaintiffs had sufficient knowledge of both their injury and its causes to start the running of the statute. It is irrelevant that they did not learn of the particular nature of their legal cause of action—an alleged defective design—until later. They were injured in an automobile manufactured and sold by defendants. This fact alone alerted them of a possible causal link between their injuries and defendants. Plaintiffs' cause of action accrued at the time of the accident. *See, Kroll v. VandenBerg*, 336 Mich. 306, 57 N.W.2d 897 (1953); *Stoneman v. Collier*, 94 Mich.App. 187, 288 N.W.2d 405 (1979); *Sedlak v. Ford Motor Co.*, 64 Mich.App. 61, 235 N.W.2d 63 (1975). They could not be deceived by the existence of an "outside force", being the obvious claim against the driver who collided with them, because it is axiomatic that an injury may and often does result from a conjunction of forces. The existence of one blameworthy party in no way precludes the existence of others, equally culpable. Thus, even if the court were able to apply Michigan's discovery rule together with the Mexican statutes, it would have no application on these facts.

For the reasons cited above, therefore, the court holds that this case is time-barred under the applicable Mexican statutes of limitation, and grants defendants' motions for summary judgment.

IT IS SO ORDERED.