985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph Franklin FREDERICK, Plaintiff-Appellant,
v.
STATE OF TENNESSEE, et. al., Defendants-Appellees.
 No. 92-5514.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before KENNEDY and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Ralph Franklin Frederick is a former Tennessee prisoner who appeals pro se from a district court judgment which dismissed his civil rights suit filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1983, Frederick was convicted of two counts of aggravated kidnapping and was sentenced to an aggregate term of twenty years imprisonment. He was unconditionally released from custody on January 5, 1988, pursuant to a federal writ of habeas corpus. On April 4, 1991, Frederick filed a federal civil rights case seeking monetary damages for his incarceration. On March 25, 1992, the district court granted the defendants' motion to dismiss the case under Fed.R.Civ.P. 12(b)(6), because Frederick's civil complaint had not been filed within the applicable statute of limitations. It is from this judgment that Frederick now appeals.
 
 
 4
 The one-year limitations period for personal tort actions found in Tenn.Code Ann. § 28-3-104(a) applies to civil rights actions that arise in Tennessee. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). It is undisputed that Frederick's claim accrued on January 5, 1988. Therefore, absent tolling, the limitations period in Frederick's case would have expired on January 5, 1989, more than two years before Frederick filed his complaint in federal court.
 
 
 5
 Frederick argues that the statute of limitations was tolled when he mistakenly filed a claim with the Tennessee Claims Commission on July 12, 1988. Cf. Tenn.Code Ann. § 28-1-105. However, the savings statute does not apply when a plaintiff mistakenly brings his initial action in a forum that lacks jurisdiction in his case. See Graham v. Ferguson, 593 F.2d 764, 766 (6th Cir.1979) (per curiam). A de novo review of the record also indicates that equitable tolling is not appropriate in the instant case. See Rose v. Dole, 945 F.2d 1331, 1335-36 (6th Cir.1991) (per curiam). Therefore, the district court properly dismissed Frederick's civil rights case because it was filed after the limitations period had expired.
 
 
 6
 The dismissal of Frederick's case may also be affirmed on other grounds. First, the Eleventh Amendment immunizes the State of Tennessee from suit. Second, it must be assumed that the remaining defendants were served in their official capacity because the complaint does not indicate that they were being sued as individuals. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). In that capacity, the individual defendants are not "persons" who are subject to liability under 42 U.S.C. § 1983. Id. at 594.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation