## FIRST NATIONAL BANK OF ELKHORN VS. PRESCOTT and another.

1. PLEADING: *Answer to original, when taken as answer to an amended complaint.*
2. COSTS: *Statute concerning them, mandatory.*

1. The answer filed to the original complaint must be taken as an answer to the amended complaint, if no other is filed; and where, being so taken, it would raise an issue as to any part of the complaint, it is error to render judgment as for default of an answer.
2. The statute awarding costs to the "prevailing party," is *mandatory,* and this court has no discretion upon the subject.

APPEAL from the Circuit Court for *Milwaukee* County.

The original complaint was upon six different causes of action, arising upon as many promissory notes. The defendants answered as to the first three causes of action, and demurred as to the residue. The plaintiff thereupon served an amended complaint in no respect differing from the first as to the first three causes of action, and afterwards, no further answer being interposed, took judgment thereon, as upon default, for the entire amount claimed under the several causes set forth in the complaint, thereby treating the answer served to the original complaint as a nullity.

Defendants moved to vacate the judgment as to the first three causes of action; and appealed from an order denying the motion.

*Jenkins & Elliott,* for the appellants, argued that the answer to the original complaint was sufficient as to the first three causes of action, and must, as to those causes, be taken as an answer to the amended complaint, no other having been served. *Allen v. Haskins,* 5 Duer, 332; *Kneedler v. Sternberg,* 10 How. Pr. R. 68; *Bush v. Prosser,* 11 N. Y. 352; *Yates v. French,* 25 Wis. 661.

First National Bank of Elkhorn vs. Prescott and another.

*Carpenter & Murphey*, for respondent. [No brief on file.]

COLE, J.  There can be no doubt that the judgment was improperly entered in this case, and should have been set aside. *Yates v. French et al.*, 25 Wis. 601. The answer to the original complaint constituted a defense as to several of the causes of action ; and in respect to those it was a sufficient answer to the amended complaint, and formed an issue. It was irregular, therefore, to take judgment as upon default.

It is claimed that, on account of the matters stated in the affidavit of the attorney for the respondent, if the order appealed from is reversed, it should be without costs. The appeal statute (chap. 264, Laws of 1860) gives this court no discretion over the matter of costs in actions of this character. "The party prevailing" here is entitled to costs. This is the express language of that statute. Sec. 36. We have held that the law was mandatory, and gave " the prevailing party " costs, except where different provision is made by law. *Paine v. Chase*, 14 Wis. 653.

The order of the circuit court must therefore be reversed, with costs, and the cause remanded for further proceedings according to law.

*By the Court.*—So ordered.