WOLFF, Plaintiff and Respondent, v. SISTERS OF ST. FRANCIS OF THE HOLY CROSS and another, Third Party Defendants and Cross Complainants: SCHUH and others, Third Party Defendants and Appellants.

*No. 117. Argued January 9, 1969.—Decided February 7, 1969.*
(Also reported in 164 N. W. 2d 501.)

The cause was submitted for the appellants on the brief of *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and for the respondent on the brief of *Esler & Green* of Kaukauna.

CONNOR T. HANSEN, J.   We will set forth only those facts necessary to resolve the issues before us on this appeal.

On May 9, 1963, an accident occurred in Outagamie county involving a pickup truck owned by Stokely-Van Camp, Inc., and operated by Aloysius Q. Schuh, and another vehicle.

The plaintiff Wolff was a passenger in the truck. Both Wolff and Schuh were employees of Stokely-Van Camp, Inc., and were within the scope of their employment at the time of the accident. Wolff was injured as a result of the accident.

Liberty Mutual Insurance Company was the workmen's compensation insurer and the automobile liability insurer of Stokely-Van Camp, Inc.   Pursuant to the policy provisions, Liberty Mutual covered any liability of Schuh to Wolff, within the policy limits, as a result of any causal negligence of Schuh in the accident.

On October 12, 1967, the plaintiff served an amended complaint on the appellants in which plaintiff, for the first time, claimed directly against Schuh and Liberty Mutual.

The answer of the appellants to the amended complaint, among other things, set up the following plea in bar:

(1) That the three-year statute of limitations contained in sec. 330.205, Wisconsin Stats. (1963), presently sec. 893.205, Wisconsin Stats. (1965), had run prior to the commencement of the plaintiff's action against the defendants.

We conclude that the trial court properly denied the defendants' plea in bar and properly entered the supplemental order determining that Liberty Mutual be disallowed benefits on plaintiff's ultimate recovery against Schuh, if any.

The decision in this case is resolved by the application of two provisions of the 1963 Statutes:

"102.29 **Third party liability.**

" . . .

"(4) If the insurance carrier of the employer and of the third party shall be the same . . . the insurance carrier of the employer shall promptly notify the parties in interest and the industrial commission of that fact;

. . .

"(5) If the insurance carrier of the employer and of the third party are the same . . . and the insurer fails to commence a third party action, within the 3 years allowed by s. 330.205, the 3-year statute of limitations in s. 330.205 shall not be pleaded as a bar in any action commenced by the injured employe herein against any such third party subsequent to 3 years from the date of injury, but prior to 6 years from such date of injury, provided that any recovery in such action shall be limited to the insured liability of the third party. In any such action commenced by the injured employe subsequent to the 3-year period, the insurance carrier of the employer shall forfeit all right to participate in such action as a complainant and to recover any payments made under the workmen's compensation act. *This subsection shall not apply if the insurance carrier has complied with sub. (4).*" (Emphasis added.)

May 16, 1963, Liberty Mutual sent a letter to the plaintiff stating: "We wish to advise that we are the Workmens Compensation carrier as well as the automobile liability carrier, for *Stokely Van Camp*." (Emphasis added.)

We agree with the following statement made by the trial court:

"This letter falls far short of meeting the requirement of the statute. *It is not a notification of the liability*

*coverage for Schuh by Liberty.* The intent of the statute is clear, and it is that an employee shall be promptly notified of the liability coverage of the third party by the compensation insurer of the employer if it also carries the liability coverage on the third party. This the letter did not do. It simply recited that Liberty carried liability coverage for the employer, Stokely, a fact of no great importance to Wolff, who was subject only to compensation benefits from Stokely." (Emphasis added.)

The record is replete with various attempts by counsel for plaintiff to determine the insurance coverage of Liberty as to Schuh. They were all to no avail and include various types of communications with Stokely and different representatives of Liberty Mutual.

An adjuster for Liberty Mutual alleges that in early March, 1966 (thirty-four months after the accident), he called the office of plaintiff's counsel and inasmuch as he was not in, told an unidentified secretary in the office to tell plaintiff's counsel that Liberty Mutual's policy covered any liability of Schuh. Counsel for plaintiff denies that the message was ever delivered to him.

We are urged to consider this alleged telephone call as substantial compliance with the notice requirement of sec. 102.29, Stats. We do not so consider it. In *Burmek v. Miller Brewing Co.* (1957), 2 Wis. 2d 330, 86 N. W. 2d 629, the contents of the notice met the statutory requirements and its receipt was an acknowledgment. The dispute arose for failure to comply with the statutory requirement of service of the notice. In *Burmek,* this court determined there had been substantial compliance with the statute because the notice contained the information required by the statute and its receipt was acknowledged. However, in the present case we do not deem an unacknowledged telephone call to an unidentified secretary in a law office, thirty-four months after the accident, to be a substantial compliance with the notice requirements of sec. 102.29 (4).

Liberty Mutual also takes the position that the plaintiff's exclusive remedy against it is the compensation provided for in the Workmen's Compensation Act and that therefore plaintiff is prohibited from bringing a third-party action against Liberty Mutual.

This assertion overlooks the fact that in addition to providing workmen's compensation insurance and automobile liability insurance for Stokely, Liberty Mutual also provided coverage for any liability of Schuh to the plaintiff, within the policy limits, as a result of any causal negligence of Schuh in the accident.

This case is distinguishable from *Kerner v. Employers Mut. Liability Ins. Co.* (1967), 35 Wis. 2d 391, 151 N. W. 2d 72, both as to the facts and the applicable statutory provisions.

In *Kerner,* Employers Mutual was the workmen's compensation carrier and the public liability insurer for Flambeau Milling Company, the employer. *Kerner* and others commenced a third-party liability suit against Employers Mutual alleging negligence in making safety inspections on the employer's premises. In sustaining the demurrer of Employers Mutual, this court determined that sec. 102.03 (1) and (2), Stats., were applicable. The legislature, by virtue of sec. 102.03 (2), extended the immunity of the employer from third-party suits to the insurance carrier, thereby making workmen's compensation the exclusive remedy of employees against both the employer and its insurer.

In the case under consideration, the third party is Schuh—not the employer Stokely or Liberty Mutual in its capacity of workmen's compensation insurer. Fortuitously, Liberty Mutual is Schuh's liability insurer.

The appellant also contends that sec. 102.29 (5), Stats., is void for uncertainty as it works an absurd result in that it requires the insurance carrier to commence action against its own insured, which is tantamount to commencing an action against itself. However, such is not the fact, unless for some reason the insurer fails

to comply with the notice requirements of sec. 102.29 (4). If the insurer fails to give notice as required by sub. (4), then sub. (5) intends that the rights of the injured party against the third party and the third-party's insurer should not be jeopardized by lack of such notice.

Failure of the insurer to give the required sub. (4) notice makes it subject to the requirements of sub. (5). This subsection places the burden on the carrier to commence an action against the third party within the period of the three-year statute of limitations, in which case, pursuant to sec. 102.29 (1), Stats.,[1] the liability of the third party to the injured employee is determined.

In the event the insurer has not given the sub. (4) notice and has not commenced the third-party action within the three-year statute of limitations, then sub. (5) gives further protection to the unnotified injured plaintiff. Under these circumstances, sub. (5) extends the statute of limitations for an additional three years, during which time the injured party may commence a third-party action. When the statute of limitations is extended due to the insurer's acts of omission, the injured employee's recovery is limited to the *insured liability* of the third party.

The provisions of sub. (5) constitute a means of diminishing the prejudicial nature of the insurer's failure to make a disclosure of the nature of its coverage as required by sub. (4).

Finally, the trial court was correct in entering its supplemental order. This order provided that Liberty Mutual, as workmen's compensation carrier for Stokely, be disallowed benefits on plaintiff's ultimate recovery, if any, against Schuh and Liberty Mutual, as liability insurance carrier of Schuh.

---

[1] ". . . If notice is given as herein provided, the liability of the tort feasor [third party here] shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting said claim, . . ."

Sub. (5) of sec. 102.29, Stats., provides that:

". . . In any such action commenced by the injured employe subsequent to the 3-year period [which is the situation in this case], the insurance carrier of the employer shall forfeit all right to participate in such action as a complainant and to recover any payments made under the workmen's compensation act. . . ."

This statutory provision bars Liberty Mutual from recovering on any payments it made to the plaintiff in its capacity as compensation carrier of Stokely.

*By the Court.*—Orders affirmed.