Donald H. THIMM, Plaintiff-Appellant,†

v.

AUTOMATIC SPRINKLER CORPORATION OF
AMERICA and Nationwide Mutual Ins. Co.,
Defendants-Respondents.

Court of Appeals

*No. 88-0569. Submitted on briefs November 1, 1988.—Decided
December 21, 1988.*

(Also reported in 434 N.W.2d 842.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Mueller, Goss & Darnieder, S.C.* by *Thomas E. Goss, Jr.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Arnold, Murray, O'Neill & Schimmel* by *Donald P. O'Meara,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Donald H. Thimm (Thimm) appeals from a judgment that dismissed his action because the statute of limitations had run. Thimm, who suffered personal injuries in an accident, argues that the statute of limitations on his right of action was

extended by settlement and payment of the property damage aspect of his claim. We disagree and affirm.

The facts are undisputed. On January 8, 1985, while in Illinois, Thimm, a Wisconsin resident, collided with a truck owned by Automatic Sprinkler Corporation of America, operated by its employee, Michael Bentley, and insured for liability by Nationwide Mutual Insurance Company.[1] On November 25, 1985, Thimm and Nationwide entered into a written settlement agreement for property damage in the amount of $1,087.

On August 28, 1987, Thimm commenced this action for personal injury damages by filing a summons and complaint with the Milwaukee county clerk of courts. *See* sec. 801.02(1), Stats. In its answer, Nationwide pled, *inter alia,* the expiration of the statute of limitations provided by sec. 893.07(1), Stats.,[2] and the Illinois statute of limitations[3] for personal injury. Nationwide moved for dismissal of the complaint based on the statute of limitations. The circuit court granted the motion and entered judgment.

[1]In this opinion, Automatic Sprinkler and Nationwide are collectively referred to as "Nationwide."

[2]Section 893.07, Stats., provides:

(1) If an action is brought in this state on a foreign cause of action and the foreign period of limitations which applies has expired, no action may be maintained in this state.

(2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

[3]Ill. Ann. Stat. ch. 110, para. 13–202 (Smith-Hurd 1988), provides in part:

Actions for damages for an injury to the person ... shall be commenced within 2 years next after the cause of action accrued
. . . .

Resolution of this issue requires us to apply sec. 893.07(1), Stats. to a set of conceded facts. This presents a legal issue which we determine without deference to the reasoning or conclusions of the trial court. *See Guertin v. Harbour Assurance Co. of Bermuda, Ltd.*, 141 Wis. 2d 622, 627, 415 N.W.2d 831, 833 (1987). In applying this statute, we ascertain and enforce the intent of the legislature. *Id.* at 628, 415 N.W.2d at 833. If the statute is unambiguous, we do not consider extrinsic factors to assist in its application. *Id.*

The trial court determined that the Illinois statute of limitations had run on Thimm's injury action and accordingly granted Nationwide's motion to dismiss Thimm's complaint.

Thimm argues that sec. 885.285, Stats.,[4] and sec. 893.12, Stats.,[5] interact with sec. 893.07(1), Stats., to extend the statute of limitations from the date of the property settlement for three years. In determining

---

[4]Section 885.285, Stats., provides in part:

    (1)  No admission of liability shall be inferred from the following:

(a)  A settlement with or any payment made to an injured person, or to another on behalf of any injured person, or any person entitled to recover damages on account of injury or death of such person; or

(b)  A settlement with or any payment made to a person or on the person's behalf to another for injury to or destruction of property.

   . . .

    (4)  The period fixed for the limitation for the commencement of actions shall be provided by Sec. 893.12.

[5]Section 893.12, Stats., provides:

The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.

timeliness, sec. 893.07, the borrowing statute, adopts as Wisconsin law either the law of the state where the cause of action arose or Wisconsin's statute of limitations, whichever is shorter. *Id.* at 631, 415 N.W.2d at 834. The statute uses the place of injury only in determining which jurisdictions are to be compared in establishing the shorter limitation period.[6] *Id.* at 631, 415 N.W.2d at 834–35.

In *Abraham v. Milwaukee Mut. Ins. Co.,* 115 Wis. 2d 678, 341 N.W.2d 414 (Ct. App. 1983), the plaintiff was involved in an automobile accident in Wisconsin. The insurance company for the defendant paid the plaintiff for his property damages but not his personal injuries. The plaintiff filed his action more than three years after the accident. The court of appeals held that a sec. 893.12, Stats., extension of limitations is contingent upon execution of the settlement or payment within the original limitations period. *Id.* at 681, 341 N.W.2d at 416. Thimm reasons that the property settlement agreement which recites the fact of payment, made within the Illinois two-year limitation statute time period, extended the statute of limitations three years from the settlement.

Nationwide argues that the borrowing statute imposes the Illinois statute of limitations upon the accident, which occurred in Illinois but was venued in Wisconsin. It contends that because Illinois provides no statute extending limitations in case of payment or settlement, the running of its two-year limitations

---

[6]By enacting the borrowing statute, the legislature sought to advance several policies such as reduction of forum shopping, the prevention of stale claims, the expedient litigation of controverted matters, and the avoidance of uncertainty in assessing the timeliness of bringing an action in Wisconsin. *Guertin,* 141 Wis. 2d at 631–32, 415 N.W.2d at 835.

extinguished Thimm's cause of action before he commenced suit in Wisconsin.

The parties agree that Thimm's suit is a "foreign cause of action" within the terms of sec. 893.07(1), Stats., that the two-year limitations provisions of Ill. Ann. Stat. ch. 110, para. 13–202 applies and that the action accrued on January 8, 1985.

We conclude that the extension of the statute of limitations arising from payment or settlement affects Wisconsin causes of action only. Because Thimm's suit is a foreign cause of action, sec. 893.12, Stats., does not apply. We look to the Illinois law alone for a statute extending limitations in event of a payment or settlement but find none. We look no further because sec. 893.07(1), Stats., clearly focuses on whether the foreign period of limitations has expired.

Thimm asserts that the facts in this case are analogous to those in *DeVito v. Blenc,* 209 N.W.2d 728 (Mich. Ct. App. 1973). In *DeVito,* a Michigan resident was involved in a automobile accident in Ontario. Ontario had a twelve month statute of limitation, and Michigan's statute barred actions after three years. The Michigan borrowing statute provided:

> The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.

*Id.* at 730 n. 4 (citing Mich. Comp. Laws Ann. sec. 600.5861 [West 1973] [The law was substantially changed in 1978]).

In *DeVito,* the plaintiff argued that because she was under a disability, at the time of the accident,

Michigan's tolling statute tolled the statute of limitations for one year after the disability ended, "although the period of limitation [had] run." *Id.* at 731 (citing Mich. Comp. Laws Ann. sec. 600.5851(1) [West 1973]). Ontario did not have a tolling statute. The Michigan court concluded that the language in the Michigan borrowing statute and the tolling statute allowed for the tolling of the claim, although the Ontario statute of limitations applied. *Id.* at 731.

We conclude that this case is not analogous to the *DeVito* case. Section 893.12, Stats., is not a tolling statute, it is an additional statute of limitations to be applied when a settlement for personal injuries or property has been paid. *See* sec. 885.285, Stats. Under sec. 893.07(1), Stats., if the Illinois statute of limitations has expired, the action is untimely.

Thimm also cites *Beard v. J.I. Case Co.,* 823 F.2d 1095 (7th Cir. 1987), for the proposition that sec. 893.12, Stats., should be applied in this case. In *Beard,* a Tennessee farmer was injured while he was operating a cornpicker that had been manufactured by J.I. Case, a Wisconsin corporation. The plaintiff filed his claim six months after the accident in federal court in Wisconsin. The defendant argued that although the Tennessee statute of limitations had not expired, the Tennessee statute of repose had lapsed. The Seventh Circuit held that the court was required to look only at the foreign "period of limitations" and not at the statute of repose. *Id.* at 1103–04. We conclude that *Beard* is equally unpersuasive since this case does not involve a statute of repose. We look only to whether the Illinois statute of limitations has expired. *See* sec. 893.07, Stats.

Thimm's interpolation of the Wisconsin and Illinois statutes engrafts upon the Illinois statute an extension which does not exist under Illinois law. It

undercuts *Guertin*'s definition of a foreign cause of action by creating a new type of statute of limitations, part Illinois and part Wisconsin. Furthermore, Thimm's position would create an ambiguity in the clause "and the foreign period of limitation which applies has expired" because it is unclear whether the foreign law alone applies or whether it is to be construed with the law of the forum to create a different period.

Thimm argues that to apply only Illinois law to the limitations issue is a return to the discredited rule of *lex loci delicti,* in defiance of *Guertin.* Thimm misreads *Guertin* which reasoned: "The facts that the law of the state where the injury occurred is adopted by Wisconsin's borrowing statute ... does not amount to a return to *lex loci delicti.*" *Guertin,* 141 Wis. 2d at 631, 415 N.W.2d at 834. The court noted that if the *lex loci* state's statute of limitations were longer than Wisconsin's, the latter would apply. *Id.* at 631, 415 N.W.2d at 834. The court distinguished between two conflicts issues: (1) The initial conflict determination of timeliness of the action; and (2) selection of law to resolve substantive issues. *Id.* at 630-31, 415 N.W.2d at 834. The timeliness question is resolved entirely by sec. 893.07. Either the law of the *lex loci* state of the law of Wisconsin, whichever is shorter, applies. Essentially, Thimm seeks to piggyback the Wisconsin extension statute upon the Illinois statute of limitations, thereby extending the Illinois statute of limitations beyond Wisconsin's statute. This would activate Wisconsin statute of limitations and make Thimm's action timely. The express and unambiguous wording of sec. 893.07(1), Stats., in our opinion, prevents this result.

We conclude that sec. 893.07(1), Stats., prevents sec. 893.12, Stats. (extension of limitations in case of a part payment or settlement) from extending Illinois' period of limitations.

*By the Court.*—Judgment affirmed.