Willard DUKISH, Plaintiff-Appellant, †

v.

REID BOILER WORKS, INC., and McKee Engineers
& Constructors, Defendants-Respondents,

FIREMAN'S FUND INSURANCE CO., Subrogee.

Court of Appeals

*No. 88-1720. Submitted on briefs May 5, 1989.—Decided July
26, 1989.*

(Also reported in 445 N.W.2d 746.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *James Schernecker,* of Oregon.

For the defendants-respondents the cause was submitted on the brief of *Mark W. Andrews* and *John D. Winner,* and *Winner, McCallum, Wixson & Pernitz,* of Madison.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J.   In this appeal, we decide that Willard Dukish did not commence this action against Reid Boiler Works, Inc., because he did not timely serve Reid with an authenticated copy of the summons and of the complaint within sixty days of filing this action with the court, as required by sec. 801.02(1), Stats. We hold that the time for service was not extended by sec. 801.15(1)(b) because the Friday after Thanksgiving is not a legal holiday under sec. 801.15(1)(a). We therefore affirm the trial court's order dismissing Dukish's complaint.

Because Dukish has not moved the court for an enlargement of the time for service of an authenticated copy of the summons and of the complaint, we do not reach the question whether the time may be enlarged for cause under sec. 801.15(2)(a), Stats. Dismissal of Dukish's action makes it unnecessary that we address Dukish's claim that the trial judge abused his discretion in failing to disqualify himself for cause.

770

The undisputed pertinent facts are that Dukish filed this action with the circuit court on September 28, 1987; that Dukish provided the sheriff of Whatcom county, Washington, with authenticated copies of the summons and complaint which the sheriff received on October 2 and which he agreed to serve on Reid within thirty days; that the sixtieth day for service was November 27; that November 26 was Thanksgiving day; that the Whatcom county sheriff's office was closed for the service of civil process on Friday, November 27; and that service on Reid was made on December 1.

Dukish's diligence in attempting to serve Reid through the Whatcom county sheriff is not in issue. His diligence may be an issue if he applies to the court under sec. 801.15(2)(a), Stats., to have the period within which to serve the summons and complaint enlarged.[1]

The last day of the period within which Dukish could have served the summons and complaint under sec. 801.02(1), Stats., was Friday, November 27. That day was to be included in the sixty-day period for service prescribed by sec. 801.02(1) unless it was a holiday. Section 801.15(1)(b) provides that "[t]he last day of the period [of time prescribed by ch. 801] so computed shall be included, unless it is a Saturday, a Sunday or a holiday." "Holiday" is defined in sec. 801.15(1)(a) to mean "any day which is a holiday provided in s. 230.35(4)(a) or a statewide legal holiday provided in s. 895.20 or both, and a full day on Good Friday."[2]

---

[1]We note that sec. 801.15(2)(a), Stats., provides that "[t]he 60 day period under s. 801.02 may not be enlarged."

[2]The full text of sec. 801.15(1), Stats., is:

    (a)  In this subsection, "holiday" means any day which is a holiday provided in s. 230.35(4)(a) or a statewide legal holiday provided in s. 895.20 or both, and a full day on Good Friday.

    (b)  Notwithstanding ss. 985.09 and 990.001(4), in computing

Section 230.35(4)(a), Stats., provides when the offices of state agencies shall be kept open. Ten holidays are enumerated. Section 230.35(4)(a) also recognizes that under sec. 230.35(5)(c) the governor may order some or all of the offices and other work stations of the departments of state government closed for specified periods of time or may order other deviations in office hours as may be necessitated by certain situations. Section 895.20, Stats., is a general enumeration of legal holidays without reference to the offices of state agencies or other units of government.

Resolution of Dukish's appeal requires that we apply these statutes to a set of facts. This presents a legal issue which we resolve without deference to the reasoning or conclusions of the trial court. *Thimm v. Automatic Sprinkler Corp.,* 148 Wis. 2d 332, 335, 434 N.W.2d 842, 843 (Ct. App. 1988). Dukish argues that the ambiguity of these sections "nearly leaps off the printed page." We disagree. A statute is ambiguous if reasonably well-informed persons could differ as to its meaning. *State v. Vonesh,* 135 Wis. 2d 477, 480, 401 N.W.2d 170, 172 (Ct. App. 1986). Dukish suggests that "holiday" as used in sec. 801.15(1), Stats., should be construed to include the days when official offices are inaccessible to the public. We conclude that a reasonably well-informed person would not so construe sec. 801.15(1)(b). Dukish asks us to amend the statute, not to construe it.

any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a holiday. When the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation.

We therefore conclude that the time for serving Reid with an authenticated copy of the summons and of the complaint under sec. 801.02(1), Stats., was not extended by sec. 801.15(1)(b). Because Dukish failed to timely serve Reid, the trial court correctly dismissed Dukish's action.[3]

*By the Court.*—Order dismissing Dukish's complaint affirmed. Appeal from order denying motion to disqualify trial judge dismissed.

DYKMAN, J. (*dissenting*). Though sec. 801.02(1), Stats., requires service of a summons and a complaint within sixty days after filing the summons and complaint with the court, that section does not answer the question, "what is the penalty for a late filing?"

In Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801–803.* 59 Marq. L. Rev. 1, 8 (1976), the authors propose an answer to this question:

> It may be, of course, (and the writer would argue that it should be) that the supreme court will, if presented with the issue, hold that a late service does not create jurisdictional defenses, but rather constitutes simply a failure to comply with the rules giving rise to such sanctions as are appropriate under section 805.03.

Here, a plaintiff exercised great diligence attempting to timely serve a summons and complaint, but was frustrated by a dilatory sheriff in a distant state. I see no reason to destroy plaintiff's cause of action. Instead, I

---

[3]Dukish claims that Reid made a "judicial admission" that the summons and complaint were served on November 30, 1987. Such an admission is irrelevant because service on November 30 would be untimely.

would adopt Clausen and Lowe's suggestion and remand for a determination of what, if any, sanctions are appropriate.