Randal L. BELL and Mary Bell, Plaintiffs-
Respondents-Cross Appellants,†

v.

EMPLOYERS MUTUAL CASUALTY COMPANY of Des Moines,
Iowa, Defendant-Appellant-Cross Respondent. ††

Court of Appeals

*No. 95–0301. Submitted on briefs October 9, 1995.—Decided
November 30, 1995.*

(Also reported in 541 N.W.2d 824.)

†Petition for cross review denied.
††Petition to review denied.

347

For the defendant-appellant-cross respondent the cause was submitted on the briefs of *Bradley D. Armstrong* and *Arthur E. Kurtz* of *Axley Brynelson* of Madison.

For the plaintiffs-respondents-cross appellants the cause was submitted on the brief of *Ronald M. Fitzpatrick* of *Fitzpatrick, Smyth, Dunn & Fitzpatrick* of La Crosse.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J. This action arises out of an accident that occurred in Iowa when Randal Bell, acting within the scope of his employment for Iverson Construction, Inc., was struck by a vehicle driven by a co-employee, Mark McAllister. Randal and Mary Bell filed an action against Iverson Construction's worker's compensation and business automobile liability insurer, Employers Mutual Casualty Company of Des Moines, Iowa, alleging that the injuries Bell sustained were the result of McAllister's negligence and that Employers Mutual was liable under the business automobile policy because it had waived a co-employee exclusion provision.

The Bells appeal from the portion of the judgment denying their motion for default judgment. They contend that Employers Mutual failed to file a timely answer to their amended summons and complaint and that the trial court erred in concluding that they did

354

not properly serve Employers Mutual with their amended complaint. We conclude the Bells properly served Employers Mutual's attorney with their amended complaint pursuant to § 801.14(2), STATS. We remand to the trial court with directions to determine whether, in the exercise of its discretion, the Bells' motion for default judgment should be granted.

Employers Mutual appeals from the portion of the judgment denying its motion for summary judgment. The primary issue is whether the Iowa two-year statute of limitations for personal injury actions, made applicable to this action by § 893.07, STATS.,[1] is extended by the provisions of § 102.29(4) and (5), STATS.[2] If the Iowa statute of limitations is not extended by § 102.29(4) and (5), the Bells' action, commenced more than two years after the date of the injury, is time barred. This issue will be moot if on remand the trial court grants the Bells' motion for

---

[1] Section 893.07, STATS., provides:

 (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

 (2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

[2] Section 102.29, STATS., provides in part:

 (4) If the employer and the 3rd party are insured by the same insurer . . . the employer's insurer shall promptly notify the parties in interest and the department. . . .

 (5) An insurer subject to sub. (4) which fails to comply with the notice provision of that subsection and which fails to commence a 3rd party action, within the 3 years allowed by s. 893.54, may not plead that s. 893.54 is a bar in any action commenced by the injured employe under this section against any such 3rd party subsequent to 3 years from the date of injury, but prior to 6 years from such date of injury . . . .

default judgment. However, we address it nonetheless because the parties have briefed the issue and the trial court may, in the exercise of its discretion, deny the Bells' motion for default judgment. We conclude that the Iowa two-year statute of limitations is not extended by § 102.29(4) and (5), and that the Bells' action is time barred.

## BACKGROUND

The following facts are undisputed. Randal Bell was injured on August 22, 1989, in Iowa when he was struck by a vehicle driven by a co-employee, Mark McAllister. Both Bell and McAllister were acting within the scope of their employment for Iverson Construction. Bell was a resident of Wisconsin and Iverson Construction was a Wisconsin corporation with its principal place of business in Platteville, Wisconsin.

At the time of the accident, Iverson Construction had a business automobile liability policy and a worker's compensation policy issued by Employers Mutual. Pursuant to the worker's compensation policy, Employers Mutual paid worker's compensation benefits to Bell for the injuries he sustained in the accident.

The Bells filed their original summons and complaint against Employers Mutual on February 24, 1992, alleging that the accident was caused by McAllister's negligent operation of the vehicle. The complaint alleged that Employers Mutual had waived the co-employee exclusion provision of its business automobile liability policy pursuant to a policy endorsement and that Employers Mutual was liable for the resulting damages.

Employers Mutual filed an answer and a motion to dismiss the Bells' complaint on the ground that the action was barred by Iowa's two-year statute of limita-

tions,[3] made applicable by Wisconsin's borrowing statute, § 893.07, STATS.[4] Employers Mutual argued that because Bell's injuries were sustained in Iowa, the two-year Iowa statute of limitations applied rather than Wisconsin's three-year statute of limitations, § 893.54, STATS.[5]

After receiving Employers Mutual's answer and motion to dismiss, the Bells filed an amended summons and complaint on April 27, 1992, and mailed authenticated copies on May 1, 1992, to Employers Mutual's attorney. In the amended complaint, the Bells repeated the allegations made in their original complaint, and added that David Holmes, Iverson Construction's safety superintendent based in Platteville, Wisconsin, was negligent in failing to establish and enforce certain safety policies for Iverson Construction. The Bells asserted that this negligent conduct occurred in Wisconsin and was the cause of Bell's injuries. Therefore, according to the Bells, Wisconsin's three-year statute of limitations applied and this claim was not time barred.

The Bells also asserted in the amended complaint that Employers Mutual should be estopped from asserting a statute of limitations defense against the

[3] IOWA CODE § 614.1 provides a two-year statute of limitations for personal injury actions.

[4] *See* note 1 for the text of § 893.07, STATS. It adopts the statute of limitations of another jurisdiction where the injury sued upon occurred in that jurisdiction and the "foreign" jurisdiction has a shorter period of limitations than Wisconsin's. *Dahlberg v. Harris*, 916 F.2d 443, 445 (8th Cir. 1990).

[5] Section 893.54, STATS., provides in part:

> The following actions shall be commenced within 3 years or be barred:
> (1) An action to recover damages for injuries to the person.

claim based on McAllister's negligence. They alleged that because Employers Mutual was both the liability carrier and worker's compensation carrier for Iverson Construction, it was required to promptly notify Bell and the Department of Industry, Labor and Human Relations (DILHR) of the dual coverage pursuant to § 102.29(4), STATS. According to the amended complaint, because Employers Mutual failed to do so, it should be equitably estopped from asserting a statute of limitations defense in any action commenced by the Bells against Employers Mutual within six years of Bell's injury under the provisions of § 102.29(5), STATS. The Bells did not dispute that § 893.07 , STATS., requires the application of the Iowa two-year statute of limitations, rather than Wisconsin's three-year statute of limitations, on the claim based on McAllister's negligence.

Employers Mutual filed an answer to the amended complaint and a motion to dismiss the amended complaint on June 3, 1992, alleging that both of the Bells' claims were barred by the Iowa two-year statute of limitations.

The Bells, in turn, brought a motion for default judgment, contending that Employers Mutual had failed to answer their amended complaint within the twenty days allotted in § 802.09(1), STATS. They contended that pursuant to § 801.14(2), STATS.,[6] service of

---

[6] Section 801.14(2), STATS., provides as follows:

Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy or by mailing it to the last-known address, or, if no address is known, by leaving it with the clerk of the court. . . . The first sentence of this subsection shall not apply to service of a

their amended complaint on Employers Mutual's attorney was proper.

The trial court denied the Bells' motion for default judgment on the ground that it was improper to serve the amended summons and complaint on Employers Mutual's counsel, rather than on Employers Mutual itself pursuant to § 801.11(5), STATS. The trial court also denied Employers Mutual's motion for summary judgment. It concluded that because Employers Mutual had not given notice to Bell and DILHR of its dual role as provider of both liability and worker's compensation insurance, Employers Mutual was precluded from asserting a statute of limitations defense under § 102.29(5), STATS.

When we review a summary judgment, we follow the same methodology as the trial court. *United States Fire Ins. Co. v. Good Humor Corp.*, 173 Wis. 2d 804, 818, 496 N.W.2d 730, 734 (Ct. App. 1993). If there is no genuine dispute of material fact and one side is entitled to judgment as a matter of law, the action is appropriate for summary judgment. *Id.*

The parties have stipulated that Bell's injuries and damages were the result of his co-employees' negligence and that Employers Mutual's policy provides coverage for the $175,000 in damages caused by Bell's co-employees' negligence.

The resolution of the issues raised by both parties' appeals involves the application of statutes to an undisputed set of facts. This presents a legal issue, which we determine de novo. *Thimm v. Automatic*

summons or of any process of court or of any paper to bring a party into contempt of court.

*Sprinkler Corp.*, 148 Wis. 2d 332, 335, 434 N.W.2d 842, 843 (Ct. App. 1988).

## DEFAULT JUDGMENT

The Bells contend that the trial court erred in denying their motion for default judgment on the ground that service of their amended complaint was insufficient. They argue that service of their amended complaint on Employers Mutual's attorney, rather than on Employers Mutual, was proper under § 801.14(2), STATS., because Employers Mutual's attorney had appeared and responded to the original summons and complaint. We agree.

It is undisputed that the Bells mailed their amended complaint to Employers Mutual's counsel on May 1, 1992, and that Employers Mutual did not serve an answer within twenty days, as required by §§ 802.06(1) and 802.09(1), STATS.

Section 801.14, STATS., on which the Bells rely, provides in part:

(1) Every order required by its terms to be served, every pleading unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, undertaking, and similar paper shall be served upon each of the parties . . . .

(2) Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court. . . . The first sentence of this subsection shall

not apply to service of a summons or of any process of court or of any paper to bring a party into contempt of court.

We read § 801.14, STATS., as providing that once an action has been commenced by filing a summons and complaint, provided service of the summons and complaint has been made on the defendant within sixty days of filing pursuant to § 801.02(1),STATS., service of an amended complaint under § 802.09, STATS.,[7] may be on the defendant's attorney. In *In re Petition of Wisconsin Elec. Power Co.*, 110 Wis. 2d 649, 329 N.W.2d 186 (1983), our supreme court summarized the provisions of § 801.14, STATS., as follows:

> [I]t is well-accepted, black-letter law that an attorney is not authorized by general principles of agency to accept on behalf of a client service of process commencing an action. . . . In contrast, the black-letter law is that once an action has begun and the attorney has appeared in the action on behalf of a party, service of papers may be upon the attorney.

*Id.* at 657, 329 N.W.2d at 190.

---

[7] Section 802.09(1), STATS., provides:

A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s. 802.01(1).

The Bells commenced their action when they filed their summons and complaint and served Employers Mutual with authenticated copies pursuant to § 801.11(5), STATS. Once the action was commenced and an attorney appeared on behalf of Employers Mutual, § 801.14, STATS., directed that service of pleadings and other papers would be on Employers Mutual's attorney, unless ordered otherwise by the court. Therefore, service of the amended complaint on Employers Mutual's attorney was sufficient.

■

Employers Mutual points to the language in § 801.14(2), STATS., which provides that "[t]he first sentence of this subsection shall not apply to service of a summons," and argues that § 801.14(2) does not apply to service of an amended complaint. However, this limiting language in § 801.14(2) refers only to service of a *summons*. The purpose of serving a summons upon the person pursuant to § 801.11, STATS., is to confer personal jurisdiction on the court over the defendant and to notify the defendant that an action has been commenced against such defendant. *See* § 801.04(2)(a), STATS.; *American Family Mut. Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 530, 481 N.W.2d 629, 631 (1992). The Bells conferred personal jurisdiction on the court over Employers Mutual and notified Employers Mutual that an action had been commenced against *it* by serving an authenticated copy of their original summons on Employers Mutual pursuant to § 801.11(5) within sixty days of filing their original summons and complaint in court. When the Bells amended their complaint to add an additional claim against Employers Mutual, there was no need to re-confer personal jurisdiction over Employers Mutual via the service of an

amended summons upon the person pursuant to § 801.11(5). *See J. F. Ahern Co. v. Wisconsin State Bldg. Comm'n,* 114 Wis. 2d 69, 80, 336 N.W.2d 679, 685 (Ct. App. 1983) ("Because we determine jurisdiction as of the time an action is commenced, it is not necessary that an amended complaint comply with subsequently imposed jurisdictional requirements."). Also, it was not necessary to re-notify Employers Mutual that an action had been commenced against it.

Employers Mutual argues that even if service of the Bells' amended complaint on its attorney was sufficient under § 801.14, STATS., its answer to the Bells' original complaint stands as an answer to the amended complaint. However, the cases relied upon by Employers Mutual for this proposition, *see, e.g., Ellison v. Straw,* 119 Wis. 502, 97 N.W. 168 (1903), and *First Nat'l Bank of Elkhorn v. Prescott,* 27 Wis. 616 (1871), were decided prior to the enactment of § 802.09(1), STATS. That section unambiguously provides that, "A party *shall* plead in response to an amended pleading within 20 days after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s. 802.01(1)." (Emphasis added.)

There is no indication that the trial court ordered that Employers Mutual did not have to respond to the amended complaint. The Bells' amended complaint is not a pleading to which no responsive pleading is required or permitted under § 802.01(1), STATS. Employers Mutual was therefore required to plead in response to the Bells' amended complaint. Its answer to the Bells' original complaint does not stand as an answer to the Bells' amended complaint.

363

Because we conclude that service of the Bells' amended complaint on Employers Mutual's attorney was sufficient, the trial court's denial of the Bells' motion for default judgment on the ground that they failed to properly serve Employers Mutual was erroneous. Because of its ruling on this issue, the trial court did not decide whether it should exercise its discretion to grant a default judgment under § 806.02, STATS. The decision to grant or deny a motion for default judgment is within the trial court's discretion. *Oostburg State Bank v. United Savings & Loan Ass'n*, 130 Wis. 2d 4, 11, 386 N.W.2d 53, 57 (1986). We may not exercise a trial court's discretion. *See Wisconsin Ass'n of Food Dealers v. City of Madison*, 97 Wis. 2d 426, 434-35, 293 N.W.2d 540, 545 (1980). Accordingly, we remand to the trial court for a determination of whether, in the exercise of its discretion, the Bells' motion for default judgment should be granted.

In the event the trial court grants the Bells' motion for default judgment, the issues in Employers Mutual's appeal will be moot. However, because the parties have briefed the issues in Employers Mutual's appeal and because the trial court may deny the Bells' motion for default judgment, we next address Employers Mutual's appeal.

## STATUTE OF LIMITATIONS

*Applicability of § 102.29(4) and (5), STATS.*

Employers Mutual contends the trial court erred in concluding that the Bells' action was not barred by Iowa's two-year statute of limitations because this

period was extended by the provisions of § 102.29(4) and (5), STATS.[8]

Whether § 102.29(4) and (5), STATS., extends the Iowa two-year statute of limitations involves the interpretation of a statute. In interpreting a statute, our goal is to determine the intent of the legislature. *Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). To determine legislative intent, we first examine the language of the statute. *Id.* If the language unambiguously sets forth the legislative intent, that ends our inquiry and we do not look beyond the plain language of the statute to search for other meanings. Rather, we simply apply the language to the case at hand. *Id.*

Section 102.29(4), STATS., provides that when an employer and a potential third-party defendant[9] are insured by the same insurer, the employer's insurer shall promptly notify the injured party and DILHR. In the event the insurer does not comply with subsec. (4), and has not commenced a third-party action within the three-year statute of limitations set forth in § 893.54, STATS., § 102.29(5) extends the three-year statute of limitations under § 893.54 for an additional three years, during which time the injured party may commence a third-party action. *See Wolff v. Sisters of St. Francis of the Holy Cross*, 41 Wis. 2d 594, 601, 164 N.W.2d 501, 505 (1969).

There is no dispute that Employers Mutual did not promptly notify Bell and DILHR of its dual role as

---

[8] *See* note 2 for the text of § 102.29(4) and (5), STATS.

[9] Section 102.29(1), STATS., defines "third party" as any party against whom the injured employee brings an action or makes a claim in tort for the injury, other than the employer or the employer's worker's compensation carrier.

required by § 102.29(4), STATS. However, Employers Mutual argues that § 102.29(5) extends the statute of limitations only when the applicable statute of limitations is § 893.54, STATS., not another state's statute of limitations, such as Iowa's two-year statute of limitations for personal injury actions. We agree.

Section 102.29(5), STATS., refers only to § 893.54, STATS., and its three-year statute of limitations. It does not refer to any other statute of limitations, either in general or specific terms. The Bells concede that, by virtue of § 893.07, STATS., the applicable statute of limitations in this case is not § 893.54, but Iowa's two-year statute of limitations. Therefore, the plain language of § 102.29(5) does not prevent Employers Mutual from pleading the Iowa statute of limitations as a bar to the Bells' action, despite its failure to comply with § 102.29(4), STATS.

This conclusion is consistent with the supreme court's holding in *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 456 N.W.2d 152 (1990). In *Scott*, the plaintiff who sustained injuries as a minor in Alberta, Canada, brought an action in Wisconsin after the expiration of Alberta's two-year statute of limitations, made applicable to the action under § 893.07, STATS. Our supreme court concluded that the Alberta statute of limitations was tolled under § 893.16(1), STATS., Wisconsin's tolling statute for persons under disability.[10] The court rejected the defendants' contention that § 893.16(1) applied only to a Wisconsin cause of action, not to a foreign cause of action under § 893.07(1), explaining:

---

[10] Section 893.16(1), STATS., provides that if a person entitled to bring an action is under the age of eighteen when the cause of action accrues, the action may be commenced within two years after the person reaches the age of majority.

The text of the statutes does not support the defendants' contention. Section 893.16(1) makes no distinction between a domestic and foreign cause of action; it expressly states that the tolling provisions apply to a person entitled to bring an action who is a minor when the cause of action accrued. . . . Nothing in sec. 893.16(1) renders the tolling provisions inapplicable to sec. 893.07(1) or to a foreign jurisdiction's statute of limitations incorporated in the law of Wisconsin through sec. 893.07(1). On its face § 893.16(1) applies to all causes of action accruing in favor of a party under the age of eighteen at the time the action accrues.

*Scott*, 155 Wis. 2d at 615, 456 N.W.2d at 155.

Unlike § 893.16(1), STATS., § 102.29(5), STATS., does not "[o]n its face . . . appl[y] to all causes of action." *Scott*, 155 Wis. 2d at 615, 456 N.W.2d at 155. Rather, it unambiguously provides that it applies only to actions where the applicable statute of limitations is § 893.54, STATS.

The Bells point out that earlier versions of § 102.29(5), STATS., referred to foreign causes of action and argue that the legislature must have inadvertently failed to include § 893.07, STATS., when referring to § 893.54, STATS., in the current version of § 102.29(5). However, since the statutory language is not ambiguous, we do not consider the legislative history. *Kelley Co.*, 172 Wis. 2d at 247, 493 N.W.2d at 74. Legislative history cannot be used to demonstrate that a statute, unambiguous on its face, is ambiguous. *State v. Martin*, 162 Wis. 2d 883, 897 n.5, 470 N.W.2d 900, 905 (1991).

*Constitutionality of § 102.29(5), STATS.*

The Bells argue that if § 102.29(5), STATS., does not apply to Wisconsin employees who are injured outside Wisconsin, it violates their right to equal protection of the law.[11] The constitutionality of a statute is a question of law, which this court reviews de novo. *Guertin v. Harbour Assurance Co.*, 141 Wis. 2d 622, 633, 415 N.W.2d 831, 835 (1987). There is a strong presumption of constitutionality of statutes and a statute will be sustained if there is any reasonable basis upon which the legislation may rest. *Id.*

Because the Bells do not claim that the statutes at issue affect a fundamental right, we apply the rational basis test. Under this test, "equal protection of the law is denied only where the legislature has made [an] irrational or arbitrary classification. . . . The basic test is not whether some inequality results from the classification, but whether there exists any reasonable basis to justify the classification." *Guertin*, 141 Wis. 2d at 634, 415 N.W.2d at 836 (quoting *Omernik v. State*, 64 Wis. 2d 6, 18-19, 218 N.W.2d 734, 742 (1974)).

An equal protection argument similar to the one raised by the Bells was rejected in *Guertin* and in *Thimm*. In *Guertin*, a Wisconsin resident employed by a Wisconsin corporation was injured in Illinois during the course of his employment. He brought an action in Wisconsin after the Illinois two-year statute of limitations had expired, but before the Wisconsin three-year statute of limitations had expired. The trial court held that under § 893.07, STATS., the Illinois statute of limitations applied to bar his action. The supreme court affirmed. In rejecting the claim that § 893.07 unreason-

[11] The Fourteenth Amendment to the United States Constitution and article I, section 1 of the Wisconsin Constitution guarantee equal protection of the laws.

ably discriminates against Wisconsin residents who are involved in out-of-state accidents contrary to the equal protection guarantees of the state and federal constitutions, the court stated:

> The only distinction made by this statute is between persons, regardless of residence, who are injured inside and outside of the state of Wisconsin. We conclude, however, that this legislative classification rests on a rational basis. Those injured within the state are subject only to Wisconsin's statutes of limitation, whereas those injured outside of the state may be subject to more than one state's limitation statutes. Wisconsin's borrowing statute obviates uncertainty where more than one statute of limitation might apply, protecting all parties by the creation of a bright line rule which allows predictability in an area previously fraught with confusion.

*Guertin*, 141 Wis. 2d at 634-35, 415 N.W.2d at 836.

In *Thimm*, a Wisconsin resident was injured in Illinois. After settling with the tortfeasor's insurer for property damage, Thimm filed a personal injury action in Wisconsin after the Illinois two-year statute of limitations had run. We rejected Thimm's contention that §§ 885.285 and 893.12, STATS.,[12] interacted with § 893.07, STATS., to extend the statute of limitations for three years from the date of the property settlement. We stated:

---

[12] Section 893.12, STATS., provides that the period fixed for the limitation for the commencement of actions, if a payment is made as described in § 885.285(1), STATS., shall be either the period of time remaining under the original statute of limitations or three years from the date of the last payment under § 885.285(1), whichever is greater.

Because Thimm's suit is a foreign cause of action, § 893.12,STATS., does not apply. We look to the Illinois law alone for a statute extending limitations in event of a payment or settlement but find none.

. . . .

Thimm's interpolation of the Wisconsin and Illinois statutes engrafts upon the Illinois statute an extension which does not exist under Illinois law. It undercuts *Guertin*'s definition of a foreign cause of action by creating a new type of statute of limitations, part Illinois and part Wisconsin. Furthermore, Thimm's position would create an ambiguity in the clause "and the foreign period of limitation which applies has expired" because it is unclear whether the foreign law alone applies or whether it is to be construed with the law of the forum to create a different period.

*Thimm*, 148 Wis. 2d at 337-39, 434 N.W.2d at 844-45.

The discussion in *Guertin* and in *Thimm* with respect to § 893.07, STATS., applies here. Section 102.29(5), STATS., extends the statute of limitations only for plaintiffs injured in Wisconsin. Like the legislative classification in *Guertin*, that eliminates uncertainty when more than one statute of limitations might apply, protecting all parties by the creation of a predictable bright line rule. The Bells' interpretation would create uncertainty because it would be unclear whether the foreign jurisdiction's statute of limitations applies or whether it is to be construed with the law of the forum to create a different period. It would create a new type of statute of limitations, part Iowa and part Wisconsin. This result would undercut the certain and predictable rule that the "borrowed" foreign statute determines the applicable period of limitation. *See Scott*, 155 Wis. 2d at 619, 456 N.W.2d at 157; *Thimm*, 148 Wis. 2d at 338-39, 434 N.W.2d at 845.

The Bells also contend that, given the purpose of § 102.29(5), STATS., it makes no sense not to apply it to foreign causes of action. The purpose of § 102.29(5) is to prevent an injured party from being prejudiced by the inaction of the insurer where an undisclosed conflict of interest exists. *Ortman v. Jensen & Johnson, Inc.*, 66 Wis. 2d 508, 520, 225 N.W.2d 635, 642 (1975). There may be good reasons to apply § 102.29(5) to foreign causes of action. But we have concluded that there is a rational basis for not doing so. We are therefore not at liberty to rewrite the plain language of the statute.

*Amended Complaint*

The Bells argue that even if the Iowa two-year statute of limitations bars the claims made in their original complaint, it does not bar the claim added in their amended complaint—that Iverson Construction's safety superintendent in Platteville, Wisconsin, was negligent in failing to establish and enforce certain safety policies for Iverson Construction. The amended complaint alleges that this negligent conduct occurred in Wisconsin, and that this conduct was the cause of Bell's injuries. Therefore, according to the Bells, Wisconsin's three-year statute of limitations applies to this claim. We disagree.

In *Guertin*, the plaintiff who was injured in Illinois in a semi-tractor accident sued the mechanic who maintained and serviced the semi-tractor in Wisconsin. The supreme court rejected plaintiff's argument that because his claim was based on negligent conduct that occurred in Wisconsin, the Wisconsin statute of limitations should apply, rather than the Illinois statute of limitations. The *Guertin* court concluded that it is the place of injury that determines which statutes

371

are to be compared in establishing the appropriate statute of limitations, not the place of the negligent conduct giving rise to the injury. *Guertin*, 141 Wis. 2d at 631, 415 N.W.2d at 834-35.

Following *Guertin*, we conclude that because Bell's injury occurred in Iowa, and the Iowa statute of limitations is shorter than the Wisconsin statute of limitations, the Iowa two-year statute of limitations applies to this claim even though the negligent conduct occurred in Wisconsin.

## DISCOVERY RULE

The Bells contend that even if the Iowa two-year statute of limitations applies and is not extended under § 102.29(5), STATS., their action was timely because under the "discovery rule" their cause of action did not accrue until December 4, 1990. That was the date on which they received a certified copy of the business automobile liability policy from Employers Mutual. According to the Bells, it was only after they received this policy that they knew Employers Mutual had waived its policy's co-employee exclusion and could be sued as a third-party.

We find the Bells' argument unpersuasive. First, the Bells have not cited any authority for support of their position. Second, under § 807.12(1), STATS., the Bells could have commenced an action against an unknown or unidentified entity within the Iowa two-year statute of limitations, and then sought the identity of the insurance company through discovery.[13] Finally, even if the discovery rule were applicable, the

---

[13] Section 807.12(1), STATS., provides in part:

Bells do not claim that they made any inquiry to determine Iverson Construction's liability insurer until almost a year after the date of the accident. The accident took place on August 22, 1989. Bell was aware that the only potential defendants were his co-employees, his employer and insurance companies. But it was not until August 7, 1990, that the Bells requested from Iverson Construction copies of its insurance policies to determine the potential for a third-party action.

## EQUITABLE ESTOPPEL

The Bells' equitable estoppel claim is based on their contention that Employers Mutual withheld from them notice of its dual role as worker's compensation carrier and third-party liability carrier and thus withheld its identity as a potential third-party defendant.

In *Johnson v. Johnson*, 179 Wis. 2d 574, 508 N.W.2d 19 (Ct. App. 1993), we stated the equitable estoppel test as follows:

> The test of whether a party should be estopped from asserting the statute of limitations is "whether the conduct and representations . . . were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." Additionally, our supreme court has stated that the elements necessary to apply equitable estoppel include fraud or inequitable conduct by the party asserting the statute of limitations and that the aggrieved party failed to commence an action within the statutory period because of reliance on the wrongful conduct.

When the name or a part of the name of any defendant, or when any proper party defendant to an action . . . is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name . . .

*Id.* at 582, 508 N.W.2d at 21-22 (citations omitted; footnote omitted).

The Bells have not presented any evidence that Employers Mutual acted in such an unfair and misleading manner as to outweigh the public's interest in setting a limit on bringing actions, or that their failure to file an action within the Iowa two-year statute of limitations was caused by Employers Mutual's failure to comply with § 102.29(4), STATS. The undisputed facts are that the Bells requested copies of Iverson Construction's insurance policies on August 7, 1990. Attorney Robert Johns entered an appearance on behalf of Employers Mutual regarding Bell's worker's compensation claim on August 24, 1990. Attorney Johns obtained copies of Employers Mutual's insurance policies issued to Iverson Construction and sent certified copies of those policies to the Bells on December 4, 1990. Approximately one month later, on January 9, 1991, the Bells' attorney advised Attorney Johns that the Bells believed they had a right to file a third-party action against Employers Mutual. While the Bells had until August 22, 1991, to file a third-party action against Employers Mutual in order to fall within the Iowa two-year statute of limitations, the Bells did not commence their third-party action against Employers Mutual until February 24, 1992.

Given that the Bells had copies of Iverson Construction's insurance policies and believed that they had a right to file a third-party action against Employers Mutual over seven months prior to the expiration of the Iowa two-year statute of limitations, we conclude, as a matter of law, that the Bells' failure to timely commence their action was not caused by Employers Mutual's failure to notify them of its dual role under

§ 102.29(4), STATS. As we stated in *Johnson*, "litigants must inform themselves of applicable legal requirements and procedures, and they cannot rely solely on their perception of how to commence an action." *Johnson*, 179 Wis. 2d at 584, 508 N.W.2d at 23.

## SUMMARY

We conclude that the Bells properly served Employers Mutual with their amended complaint. Therefore, we reverse and remand for a determination whether, in the exercise of its discretion, the Bells' motion for default judgment should be granted. If the trial court grants the Bells' motion, the issues in Employers Mutual's appeal will be moot and judgment will be entered in the Bells' favor.

We also conclude that in the event the trial court denies the Bells' motion for default judgment, summary judgment must be entered in favor of Employers Mutual because all claims contained in the amended complaint are barred by the Iowa two-year statute of limitations.

*By the Court.*—Judgment reversed and cause remanded with directions.

SUNDBY, J. (*dissenting*). The question on this appeal is whether a worker's compensation insurer who also insures the negligent third party may assert a foreign statute of limitation when it fails to give notice of the possible conflict, as required by § 102.29(4) and (5), STATS.[1] I conclude that it may not and therefore dissent.

---

[1] Section 102.29, STATS., provides in part:

(4) If the employer and the 3rd party are insured by the same insurer, or by the insurers who are under common control, the

Subsections (4) and (5) of § 102.29, STATS., create a bar against an insurer who has a duty to notify all parties and the department of its possible conflict and does not from asserting *any* statute of limitation. This is consistent with the spirit and intent of the Worker's Compensation Act. This Act, created in 1911, constitutes a compact between employers and employees and the state. Because the industrial revolution spawned so many workplace accidents and lawsuits arising out of those accidents, the legislature created a system of compensation for employees injured on the job. Worker's compensation became the employee's exclusive remedy. In exchange, the employee traded his or her right to sue the employer for work-related accidents. That compact, however, did not extend to third parties who injured an employee who was at the time performing services for his or her employer. Thus, the legislature created § 102.29, which is an exception to the exclusive remedy under § 102.03(2), STATS.

The philosophy of third-party liability is that a person who has negligently injured an employee shall not receive a windfall simply because the Act protects the employee. However, the cause of action under § 102.29, STATS., does not belong exclusively to the employee. The employer who has paid or is obligated to pay a worker's compensation claim under ch. 102 has

employer's insurer shall promptly notify the parties in interest and the department. If the employer has assumed the liability of the 3rd party, it shall give similar notice, in default of which any settlement with an injured employe or beneficiary is void. . . .

(5) An insurer subject to sub. (4) which fails to comply with the notice provision of that subsection and which fails to commence a 3rd party action, within the 3 years allowed by s. 893.54, may not plead that s. 893.54 is a bar in any action commenced by the injured employe under this section against any such 3rd party subsequent to 3 years from the date of injury, but prior to 6 years from such date of injury. . . .

the same right as the employee to make a claim or maintain an action against a negligent third party for the employee's injury or death. Section 102.29(1). If the department pays or is obligated to pay a claim, the department also has the right to maintain an action against the third party who causes an employee's injury or death. Regardless of who brings the action, if there is a recovery, the proceeds are divided as provided under § 102.29(1).

It occasionally happens that the worker's compensation insurance carrier also insures the negligent third party. Plainly, in that case, it would be to the insurer's benefit not to initiate an action against its own insured. Perhaps it could not under its contract with its insured. In that case, the legislature requires that the insurer give notice of this conflict to all parties and the department so that they may protect their third-party liability rights, including timely beginning an action.

Because the accident which injured the employee in this case occurred in Iowa, the majority concludes that Iowa's two-year statute of limitations is made applicable to this action by § 893.07, STATS.[2] What the majority fails to recognize is that § 102.29(4) and (5), STATS., operates as a statutory equitable bar to the insurer raising *any* statute of limitations defense if it fails to give the notice required under § 102.29(4). By not giving notice as required, the insurer failed to put

---

[2] Section 893.07, STATS., provides:

(1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

(2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

the parties and the department on notice that they would have to protect their own interests. We need not look to § 893.07 or the Iowa statute of limitations because the insurer, which failed to give the notice required by § 102.29(4), cannot enforce any statute of limitation until six years from the date of the employee's injury. Because the majority fails to give effect to § 102.29(4) and (5), I respectfully dissent.